JACKSON v BROWN et

Ohio Appeals, 2nd Dist, Miami Co

No 330.  Decided June 26, 1934

Michael E. Norris, Troy, for plaintiff.

Shipman & Shipman, Troy, for George W. Brown, as an individual and as trustee.

## OPINION

By HORNBECK, PJ.

Because all living parties in interest seek partition we are not favored by brief supporting the position of the trial court in refusing to grant the prayer of the parties.

It is stated in the brief tendered by counsel for Brown, individually and as trustee, that in probability the action of the trial court was based upon **Embleton v Mc-Mechen, 110 Oh St, 18,** and particularly the third syllabus thereof:

"In this state life tenants cannot compel the remaindermen to suffer partition of their interests."

This is a statement of a well known principle and Judge Jones in writing the opinion cites in support thereof **Tabler v Wiseman, 2 Oh St, 208,** and **Eberle v Gaier, Jr., 89 Oh St, 118,** and several cases from jurisdictions other than Ohio.

The opinion discusses §12026 GC which provides:

"Tenants in common, and coparceners, of any estate in land, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof in the manner hereinafter prescribed."

It will be observed that the three life estates originally created were in the whole of the real estate of decedent. At the time of the judgment of the trial court George W. Brown, life tenant, his issue and representative remaindermen were living, Charles E. Brown, life tenant was living and unmarried, but Estella P. Mumford, the third life tenant, was dead and the fee in the undivided third of the property in which she had a life interest had passed to Lois Jackson, Hubert Mumford and Mildred Mumford, her children and only issue, in the proportion of one-ninth each of the whole tract. Thus, these three children of Estella P. Mumford had a fee simple title to one-third of the real estate in-

volved with the right to immediate possession.

It is recognized that partition is equitable in character. **Wagner v Armstrong, 93 Oh St, 443.** It has always been the policy of the law to permit owners in fee to have their property interests set off. In our opinion the case of Embleton v McMechen, supra, has little application to the facts here presented on the pleadings and could be helpful upon the facts in one aspect only, namely, as relates to the power of the court to bind the "heirs of the body" of George W. Brown and Charles E. Brown, life tenants, by a division of the real estate upon the prayer of the fee holders and the life tenants.

It would not be equitable to deny each owner in fee the right to his several interest in the real estate. If the refusal to grant partition is correct, then the land cannot be divided and apportioned until the death of all of the life tenants.

It is stated in 47 C.J., 336, that the right of owners in fee to partition is recognized without exception; that cotenants of an estate for life may also enforce partition, and further, that life tenants cannot compel partition against their remaindermen.

In the above brief statement of the law is presented the rights of the parties and the authority of this court to grant relief sought. There is the added fact in this case that all individuals in esse, having any interest in the property involved, are seeking partition as prayed in the answer and cross petition of George W. Brown as an individual and trustee. Thus, insofar as these individuals have the power, they are placing the division to be made by the court in the class of amicable partition.

The right of parties who have an interest in real estate to apart it by agreement has been recognized and approved by the courts, even to an extent beyond which partition is authorized by specific statutory authority, so that in any order that is made in the instant suit it is proper that the court give consideration, insofar as the law will permit, to the common prayer of all the parties for partition.

The life tenants are not in the status of a tenant for life who has his interest in the whole property and the remainder in the whole in others. Here we have two surviving life tenants, each holding his interest in a common tract and each life tenant having the present right of possession.

It is said in Peck et v Watson et, (Ga.) 142 SE, 450, 57 A.L.R. 650, that:

"Whenever two or more persons, from any cause, are entitled to the possession, simultaneously, of any property in this state, a tenancy in common is created."

As between the life tenants we are certain that they, as well as the holders in fee, are entitled to partition. After partition between them and the holders in fee the life tenants could not apart the real estate between them and their remaindermen because of Embleton v McMechen, supra. The uncertainty which might arise under broader pleading relates to the authority of the court to bind by partition the "heirs of the body" of the life tenants, George W. Brown and Alonzo E. Brown.

An interesting case, with annotations, Teasley et v Hulme, Admr., etc., is found in 104 SE 151, 12 A.L.R. 641. The syllabus in its entirety is helpful:

"A testator devised to his wife a half undivided interest in certain land in fee, and to a named daughter a half undivided interest in the same land for life, with remainder to her brothers and sisters; but no provision was made by the will for the division of the land: The tenant in fee and the tenant for life, by voluntary agreement, to which the remaindermen who were in esse were not parties, partitioned the land. Held, that the partition is binding upon the estate of the tenant in fee only so long as the limited estate of the life tenant continues; and this is true, although the remaindermen, after the death of the tenant in fee, expressly assented to the partition as made.

"2. A cotenant of an estate in possession, though less than in fee, is entitled to maintain a suit for partition.

"3. A partition suit cannot affect the estates in remainder or reversion, unless specially authorized by statute."

Although the court held that the partition between the wife and the daughter was not binding upon the remaindermen it based its conclusion largely upon the fact that the remaindermen were not made parties and that ratification of the partition was not shown under the facts in the case. The case is authority for the partition in the instant suit, among the owners in fee and the life tenants and between the life tenants. The annotation, beginning at page 644, cites cases from twenty states, from Canada and England, supporting the proposition that "partition may be had between a tenant in fee of one undivided interest, and a tenant for life or years in another,

at the' suit of either tenant, or by voluntary agreement."

Thereafter, authorities are cited from states to support the proposition that:

"One who owns in fee simple an undivided interest in real estate, and the owner of a life estate in another portion, are coparceners or cotenants within the rule that cotenants, etc., in possession, or entitled to possession, may have partition among themselves."

Discussing Allen v Libbey, 140 Mass. 82, 2 NE 791, the annotator says:

"And it has been held that a tenant in fee of an undivided one-half of real estate is not precluded from obtaining partition as against the life tenant of the other one-half by the fact that he is also the owner in fee of the one-half which is subject to the life estate, since as to the other half he is a tenant in possession."

Quoting from the opinion:

"The objection made to the maintenance of the petition against her (owner of life estate) is that the petitioner (owner in fee) has not an estate in possession. This objection goes to the root of the matter, and, if valid, will prevent any of the heirs from maintaining a petition against the other heirs, as well as against the widow.

"If the widow had a life estate in the whole land, the estate of the petitioner would be only a reversion, and he could not have partition; if she had a life estate in an undivided half, with remainder to some person other than the petitioner, it is settled that the petitioner, holding an undivided half, could maintain the petition against her.

"In this case the petitioner, claiming the interest of an heir, has an estate in the reversion like all the other heirs, and the question must be decided as if all the heirs were petitioners, or as if the petitioner were the sole heir. The question may then be stated thus: Can a tenant in fee simple of land subject to a life estate in an undivided half maintain a petition for partition, under the statute, against the tenant for life? We think he can. He has an estate in possession in an undivided half of the land, and an estate in remainder in the other half, expectant on the termination of the life estate. The tenant for life is entitled to the possession of an undivided half, and the right of possession of the other half must be in the tenant in fee simple. It can be in no one else. This unity of possession makes them tenants in

common as to their estates in possession, and carries with it the right of partition of such estates."

And in Black v Washington (Miss.), 3 Southern 140, it has been held that the fact that a reversion or a remainder cannot be partitioned does not hinder the estate in possession being partitioned among the cotenants.

In Carneal v Lynch et (Va.), 20 SE 959, the court says:

"We do not perceive the force of the objection that a life tenant of a part cannot maintain a suit against his cotenants, who own the fee of the other part, for partition. There can be no doubt that the fee simple owners could maintain the suit for partition against the life tenant, as defendant, and the manner in which the parties to the suit are arranged can make no difference. * * *

"Under the statutes of Virginia, as well as upon precedent, a tenant for life in one moiety of property may maintain a suit against those who own the estate in remainder of said moiety, whether in esse or not, and the fee simple owners of the other half, and compel partition of said property, and, if not susceptible of partition in kind, may have a sale and division of the proceeds."

McQueen et v Turner et (Ala.), 8 Southern 863:

"The right of the owner of a life estate in an undivided part of the property held in common to compel partition does not seem to have ever been questioned. The only doubt entertained was whether he could compel the remaindermen to unite with him in the suit, or compel a partition, which would be binding after the termination of his life estate."

The annotator in discussing the proposition at page 646, 12 A.L.R. says:

"Upon this phase of the question it has been held that the remaindermen cannot be joined, and that no relief can be had against them in the partition between the life tenant and the fee owner, which rule necessitates another partition at the termination of the life estate." Citing Eversole v Combs (Ky.), 112 SW 1132 and Stevens v Enders, 13 N. J. L. 271, in which case it is said:

"None are to be hurt or prejudiced except those who are parties to the writ; who, then, can be parties to the writ of

partition? Can persons in remainder, whether the remainder be contingent or vested, and who are not, at the time of suing out the writ, in actual possesson in severalty, after partition made? I think they cannot, either upon principle or authority. The objects of a partition are to avoid the inconvenience that results from a joint or common and united possession, and to enable the persons entitled to know, take possession of, enjoy, and improve their respective shares. But this inconvenience is not felt by a remainderman; nor can it, as regards him, be removed by a partition; for his estate is in future, not in praesenti. * * * A remainderman cannot be made a party to a writ of partition."

However, it is recognized that there is substantial authority to the contrary supported by cases cited from Alabama, Illinois, Indiana, North Carolina and Virginia See **Lauer v Green et, 99 Oh St 20 and 25, Kecheley v Kecheley, 38 Oh Ap 61 (7 Abs 376).**

It is significant in this case that the testator in the third, fourth and fifth items of a will, wherein he created a third life interest to George W. Brown, Charles E. Brown and Estella P. Mumford, respectively, further provided that each child "shall have the power to sell his interest in the said real estate and reinvest in other real estate under the direction of the Probate Court in such manner that the estate shall be preserved to the heirs of his body."

This indicates an intent that a specific third of the real estate of the testator should be enjoyed by each life tenant and further that the remaindermen would take that portion of the estate which specifically passed to his life tenant.

If George W. Brown's or Charles E. Brown's interest in the real estate devised to him had been sold and other real estate purchased upon his death **his** remaindermen would have taken their interests in the property which he purchased.

The third, fourth and fifth items of the will give the life tenants the power, if desired, to accomplish a setting off to them of their third life interests and by this action they would likewise compel partition between their remaindermen and the other remaindermen.

Although we have had considerable difficulty upon the one proposition discussed, it is our judgment that partition should be granted as prayed in part in the petition and as prayed in the entirety in the crosspetition, that is to say as to the real estate the respective interests of the holders in fee should be set off in the proportion of one-ninth each; that the life estates should be set off in the proportion of one-third each to the respective life tenants; that the personal property should be divided one-ninth thereof to each of the children of Estella P. Mumford and the remaining two-thirds thereof should be held in trust. the life tenants to take their proportionate share of the income and the share which will eventually pass to the remaindermen to be held for subsequent distribution. In passing, we would say that, in our judgment, under the facts in this case, it would not be inequitable nor would it be exceeding the limits of our jurisdiction in partition to order the real estate set off to the life tenants and their specific remaindermen as each class is represented by a party. However, neither the petition nor the crosspetition seeks such relief and the other defendants do not pray for the relief. We therefore make the order heretofore indicated.

BARNES, J, concurs.