**WEEKS et v THOMPSON et**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1570. Decided Jan. 13, 1940.

H. H. Hollencamp, Dayton, for plain-tiffs-appellants.

Harry P. Jeffrey, Dayton, and William M. Hunter, Jr., Dayton, for defendants-appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court denying plaintiffs the right to partition certain real estate described in the petition.

Several grounds of error are assigned but they all are encompassed in the

one question, namely, had the plaintiffs a vested interest and right of possession in the premises described in the petition at the time of the institution of their action and therefore the right of petition?

The source of title of plaintiffs and defendants, children and grandchildren of Henry J. Tinnerman, is his will. Testator died July 31, 1922, seized of the real estate described in the petition. Surviving him were his widow and six children, three sons and three daughters. A grandson, Calvin Tinnerman, mentioned in his will, died before the testator. Testator's widow took under the law and was dead at the time of the institution of the present suit. The three sons of the testator, who survived him, were Henry Louis Tinnerman, Elmer F. Tinnerman, George C. Tinnerman, the three daughters, Emma Christina C. Weeks, Mary Laura Louise Tinnerman Thompson and Iona S. Tinnerman (now Hunter). At the time of the filing of the petition, two children of the testator had died, namely. Emma Christina C. Weeks and Henry Louis Tinnerman. Emma Christina C. Weeks left the following children, who now survive, Warner W. Weeks, Henry S. Weeks, Harold H. Weeks, Pearl Stephens, plaintiffs-appellants. Henry Louis Tinnerman left one son, Clifford L. Tinnerman, who now survives. The other plaintiff-appellant is Henry H. Hollencamp who is possessed of the interest of Clifford L. Tinnerman by deed.

It is the claim of the plaintiffs that the children of the testator living at his death took a life estate in the real estate described in the petition and that the issue of any child took the share of such deceased child upon his or her death in fee simple, that the life estate of each child was extinguished upon the death of such child and that the fee out of which the life estate arose was then vested in the surviving child or children of said life tenant. The plaintiffs in their brief also claim that the Common Pleas Court in case No. 58057 entered judgment and made distribution of the proceeds of sale in conformity to their claim in this action.

Defendants-appellees claim that,

"The said plaintiffs and defendants do not have such a present vested interest in said real estate as will permit partition of the same and further that the interest of the said plaintiffs and defendants under the terms of the will of decedent will not permit of the partition of the real estate until after the death of the last child of the decedent."

The trial judge adopted the construction of the will as contended by the defendants.

The germane parts of the will of Henry J. Tinnerman are as follows: Item Three gave, devised and bequeathed to the wife of the testator the entire net income from the residue of all testator's property and estate, for and during her natural life. Inasmuch as she did not take under the will this item is pertinent only insofar as it is definitive of the interest which passes to the devisees and legatees under the other items of the will. The exact language of Item Three defining that which is to pass to testator's widow is,

"the entire net income from the residue of all my property and estate,".

Item Four,

"After the death of my said wife I give, devise and bequeath to my three sons (naming them) and to my three daughters (naming them) and to my grandson, Calvin Tinnerman, the entire net income from the said residue of my said property and estate in Item III of this will referred to, for and during the term of their lives, respectively, share and share alike, and upon the death of one or more of my said children or said grandson, leaving issue of his, her, or their bodies, I give Devise, bequeath the share or shares which such deceased ancestor or ancestors would have taken if then living, to his, her, or their children, then living, equally share and share alike, absolutely and in fee simple."

Item Five,

"If any of my said children or said grandson should die without leaving any child or children living, then I give and bequeath the share or shares of such deceased legatees to those of my said children and said grandson, who are then living, for and during the term of his or her natural life in equal shares, and thereafter to the issue of his or her body absolutely and in fee simple, same as in Item IV of this will."

In Item Seven testator named his wife executrix and trustee of his will to hold his entire estate in trust and after directing her to pay his just debts and funeral expenses further provided that she should sell his Greene County farm and all of his personal property and from the proceeds thereof convert the residence property of decedent in Dayton into a double house and to erect on either side of said dwelling a double house and to rent said properties and if said improvements were not made then to invest the entire amount of the proceeds from the sale of the Greene County farm in first mortgage securities.

Item Eight provided that after the death of testator's wife, if the improvements provided in Item Seven had been made on testator's real estate, his trustee should convey to each of his children and to his grandson for and during the lifetime of such child and said grandson one of said seven residences to each, which said residences "would then constitute three double houses and my single property on Henry Street in the City of Dayton, or if said improvements are not made as provided, then pay to them the net rental income thereof for and during their lives respectively."

At the outset, we are of opinion that the estates which the plaintiffs and defendants, children and in part the interests which the grandchildren of the testator, took under his will were adjudicated by the action of the Common Pleas Court in case No. 58057.

However, plaintiffs did not plead res adjudicata or estoppel by judgment and therefore the proceedings and judgment in case No. 58057 were not admissible upon this theory and there is no issue on res adjudicata. Meiss v Gill, 44 Oh St 253.

No. 58057 was an action instituted by Henry L. Tinnerman et al, against John C. Shea, as Administrator and Trustee of the estate of Henry J. Tinnerman, deceased, et al., for the purpose of selling certain real estate under the entailed estates act, §11925 et seq. All parties in interest, devisees and legatees under the will of Henry J. Tinnerman, deceased, were made parties to this action and the minor defendants were represented and answered by guardians ad litem. It was appropriate that the court determine the interests of the parties. The court directed that all of the property described in the petition, except that which is described in the petition in the instant case, be sold and the proceeds thereof re-invested as provided in §11931 GC.

All of the real estate described in the petition in case No. 58057 was owned at his decease by the testator, Henry J. Tinnerman, and passed by virtue of the terms of his will. §11930 GC provides that,

"All money arising from such sales (namely of entailed estates) for purposes of descent, succession, reversion or remainder, shall have the same character, and be governed by the same principles, as the estate sold, and pass according to the terms of the deed, will, or other instrument creating the estate."

Paragraph 2 of the entry made pursuant to the proceedings to sell the real estate in case No. 58057 recited,

"that Henry L. Tinnerman, Elmer Tinnerman, George Tinnerman, Emma Christina C. Weeks, Mary L. Tinnerman Anderson and Iona S. Tinnerman Hunter are the owners of an estate for life, with remainder to the issue of

their bodies absolutely and in fee simple in the property described in the petition under the will of Henry J. Tinnerman, deceased, * * *."

It is our judgment that the judgment entry from which we have heretofore quoted directing the sale of the real estate and fixing the interests of the parties to that action would be res judicata, if pleaded, and as the judgment is unreversed and unmodified would be effective and subsisting insofar as it speaks. The parties, subject matter and one issue in case No. 58057 were the same as in the instant case.

After the real estate had been sold and the proceeds therefrom invested, "The successor Trustee to Mr. Shea by appointment of the Common Pleas Court of Montgomery County, Ohio, in the action, for the proceeds derived from the sale of entailed real estate formerly belonging to Henry J. Tinnerman, deceased," upon his motion and on order of the court sold certain of the investments held by him as said trustee and made distribution of the proceeds thereof. The court directed that the trustee distribute the proper share of the proceeds to the heirs of the said Emma Christina Weeks and that the balance be reinvested in accordance with the terms of the said will and the laws of the State of Ohio relating to the investment of the trust funds.

The motion of the trustee upon which the court acted states that,

"Under the terms of said will upon the death of one or more of the children of the testator, leaving issue of his, her or their bodies, the share or shares which said deceased ancestor or ancestors would have taken passes to such grandchildren share and share alike, absolutely and in fee simple."

The said trustee further says that,

"Emma Christina Weeks was a daughter of the said Henry J. Tinnerman, that she is now deceased and that her children, Harold H. Weeks, Warner W. Weeks, Henry S. Weeks and Pearl Stephens are entitled to a distribution of her share of the personal property of the said trust estate under the terms of the said will as hereinbefore set forth, * * *"

. The successor trustee in his first account takes credit for distribution of the proportionate share of the trust res to the four children of Emma Christina Weeks. The account was duly approved and confirmed.

Later, on January 11, 1938, the successor trustee filed application requesting authority and direction to sell a sufficient amount of bonds in his possession so that he could make proper distribution to Clifford L. Tinnerman and to reinvest the balance of proceeds from such sale. The applicant recited that Henry L. Tinnerman, a son of Henry J. Tinnerman, deceased, had died leaving as issue of his body, Clifford L. Tinnerman. That,

"Under the terms of the will of the said deceased, upon the death of one or more of the children of the said decedent, leaving issue of his, her or their bodies the share of such child or children passes equally, share and share alike, in fee simple to the said grandchild or grandchildren." * * * "It is necessary under the terms of the said will to make distribution of the personal property of said estate * * *."

The court on the same day made findings in conformity to the statements made in the foregoing application and issued the order as requested.

. Thereafter, the fourth account of the successor Trustee was filed of date, July 14, 1938, taking credit for distribution to Clifford L. Tinnerman, for his proportionate share of the trust res and this account was duly approved and confirmed.

If the defendants in this case were bound by the order of the court upon the applications heretofore recited there can be no doubt that the estates of the plaintiffs have been fixed and determined as set out by them in their pe-

tition and their title had been adjudicated. if plaintiffs had set the judgment up in their petition.

It should be noted that the testator made no differentiation between his real estate and the proceeds to be derived from the sale thereof. In any event all of the assets which the successor Trustee had in the trust res were proceeds from the sale of entailed real estate and were of necessity treated as such, both under the will and under the law. In no situation could this money be distributed except as provided by the will. It was in the status of the real estate sought to be partitioned. The court in the action to sell the entailed real estate did not refuse to sell the property sought to be partitioned because the interests of the parties therein were any different than in the real estate ordered sold but because it could not be found that such sale would be of benefit to those interested in the estate.

The entries upon the applications of the successor Trustee, insofar as we can determine from the files in the case were made upon ex parte proceedings and without notice. So that, they would not be binding upon any of the devisees under the will of Henry J. Tinnerman, deceased, except those who took distribution by reason of such entries and upon the Trustee.

The settlement of the accounts showing distribution to the children of Emma Christina Weeks, deceased, and to Clifford L. Tinnerman in probability would not be binding upon the other devisees under the will of Henry J. Tinnerman, deceased. **18 O. Jur. 338; 40 O. Jur. 398.**

We have discussed the proceedings in case No. 58057 at considerable length not only to determine to what extent the orders therein were determinative of the issues presented here but to direct attention to the fact that by that adjudication the surviving children of the testator took life estates with remainder to the issue of their bodies absolutely and in fee simple under his will. There is some doubt if the determination is correct that the children of testator had life estates only, even though not binding on the defendants in this action. The entry in case No. 58057, if dispositive of the interests of the devisees, does not fix the time when the remainder to the issue of the bodies of the children of the testator is to vest.

Let us examine the will to find what the testator devised to his grandchildren. It should be noted that the subject matter which was to pass to the widow in Item Three was the "entire net income" from the residue of all the property and estate of testator and this same subject matter was that which was devised and bequeathed under Item Four. There is not one word which could be construed to designate or refer to the corpus from which the net income was derived and which passed by Items Three, Four or Five of the will.

The greatest possible latitude is accorded courts to discern the intent of a testator from the language employed in his will if it is uncertain or ambiguous but if that which is sought to be devised is named or identified, nothing else can pass under such devise.

We have not the slightest doubt that the testator intended to say that which would accomplish the devolution of the corpus of his estate but all that he did say was to provide where the "net income" from the corpus of his estate should go.

Let us look at Item Four, deleting therefrom all surplusage,

"After the death of my wife, I give, devise and bequeath to my three sons and my three daughters, the **entire net income** from the said residue of my said property and estate in Item III referred to, for and during the term of their lives respectively, share and share alike, and upon the death of one or more of my said children leaving issue of his, her or their bodies, I give devise, **bequeath the share or shares which such deceased ancestor or ancestors would have taken if then living,** to his, her or their children, then living, equal-

ly share and share alike, absolutely and in fee simple." (Emphasis ours).

The sole descriptive language defining that which is to pass to the children is that they take absolutely and in fee simple the share or shares which such deceased ancestor or ancestors, that is, their parents, children of the testator, would have taken if then living. What share could the ancestor or ancestors have taken if then living? Obviously nothing but their proportionate share in the net income and not in the corpus from which the income was realized. Certainly there is gross inconsistency in defining the share of the grandchildren, if income only, as an absolute fee simple interest and in the use of this language, if there was any subject matter which would relate it to the corpus of the estate, it would be clear that it was passing a remainder to the grandchildren of the testator upon their parents' death.

Item Five does no more to fix the estate which would eventually pass to the grandchildren of testator than did Item Four. If the provision of Item Eight had been invoked then the children of testator would have held shares which upon their death would, under the will, have carried the real estate to the grandchildren.

There is considerable reason to hold that the remainder after the life estates passed as undevised real estate and that the children of the testator held not only life interests in the net income from the real estate under the will of testator but also had a remainder in fee in the real estate because it was not devised. Of course, in this situation by the limitations of the will their full enjoyment of the remainder would be limited and though they could dispose of it by gift, sale or by will they could not enjoy it except to the extent they were entitled to the net income therefrom.

It might be urged that the trustee named in the will had the legal estate to that which was held in trust and the devisees and legatees had the equitable title thereto. It is true that legal title to the corpus of the estate was in the trustee but the equitable title of the devisees was only in that which had been devised.

With the foregoing observations as to the uncertainty in the will, we come to consider the determinative question to which counsel for the parties have devoted the most consideration in the briefs, viz: Were the plaintiffs' estates in the property sought to be partitioned at the time of the institution of their action vested remainders with the right of possession?

Counsel for the appellants have cited **Poor v Barr, 77 Oh St 639; Bolton v Bank, 40 Oh St 290; Lauer v Green, 99 Oh St 20; Taber v Wiseman et, 2 Oh St 208; Johnson v Brown et, 74 Kansas 346; Eberle v Geier, 89 Oh St 118; Wyman v Newberry, 31 Oh Ap 317; Kechely v Kechely, 38 Oh Ap 61.**

Counsel for appellee comment upon and undertake to distinguish some of the above cited authorities and direct attention to **30 O. Jur. §16, p. 851.**

We have given consideration to the briefs and cases cited. There is no doubt that the testator ██ can prohibit or postpone partition of his estate, if his will requires such construction. Nor can reversioners or remaindermen have partition when there is ██ an outstanding estate in all of the realty for life vested in a third party.

In the will under consideration if partition is to be postponed it is because of the character of the estates created by the will and not because of any expressed intention of the testator. The whole matter is to be determined from the will. If the life estates of the children of testator were a collective interest in the whole and did not determine until the death of the last child of the testator then partition could not be ordered. On the other hand, if the life estate of a child of the testator terminated at his death and the remainder in fee vested in his issue, then living, the children of Emma Christina Weeks and the child of Henry L. Tinnerman succeeded to their parents' share in the

real estate in fee upon the death of their parents.

It is our judgment that it was the intent of the testator that his sons and daughters take a life estate in the property devised by Item Four during their respective lives and that upon the death of a child of the testator leaving issue of his body said life estate terminated and such issue took the parents' share in said realty. If a child of testator died without issue then his share in the net income passed to his surviving brothers and sisters.

We recognize that there are many inconsistent expressions in the various items of the will but it is the policy of the law to favor the earliest possible vesting of estates and upon fair consideration of all the will including the Items VII and VIII, it is consistent to say that the testator expected the life estate of any of his children to terminate upon the death of such child and if such child left issue the fee thereupon to be vested in such issue. If one phase of Item VIII had been observed testator's children would have possessed in severalty for life certain real estate and this specific real estate would have passed in fee to a child or children of testator's child upon said child's decease. This same purpose, no doubt, was in contemplation as to the property described in Item IV. Item IV employs the language "for and during the term of their lives" referring to sons and daughters of the testator.

This, as claimed by appellees, indicates a term of their collective lives, but this language is immediately followed by the word, "respectively", which, according to Webster means, "as relating to each". The item continues, "upon the death of one or more of my said children leaving issue of his, her, or their bodies, I give, devise, bequeath, the share or shares which such deceased ancestor would have taken if then living, to his, her or their children, then living." The testator speaks of the death of "one" of his children leaving issue of his body in which event he gives such issue the share which his deceased ancestor or ancestors would

have taken if then living. It is impossible to give meaning to the expression "upon the death of one of my children leaving issue of his body I bequeath the share which his ancestor would have taken if then living", if it be held that such child cannot take until after the death of all of the children of the testator.

It is likewise true that because of the use of the pronouns, his, her and their as defining bodies, there arises certain ambiguity and uncertainty.

Appellees urge that inasmuch as the entire net income is bequeathed to the the children of the testator this implies that the income must be kept intact. The language will bear such construction but it also may mean that the entire net income is to be enjoyed only so long as all of the children shall live. This latter construction is more in harmony with all of the language of the will.

It is our conclusion then that the estates of the children of the testator living at his death were limited to life estates but that upon the death of any of said children the interest of that child passed in fee to his child or children, if any living.

Inasmuch as Emma Christina Weeks had children living at her death they take in fee the share in which she held a life estate and as Henry L. Tinnerman left one child, Clifford L. Tinnerman, he took in fee simple the share of the estate of the testator in which his father held a life estate and the plaintiff, Henry H. Hollencamp succeeded to the interest of said Clifford L. Tinnerman by virtue of his deed of conveyance.

It follows that the plaintiffs at the time of the institution of the action of partition had a vested interest in fee in the proportions heretofore set out in the real estate described in the petition and were entitld to the immediate possession thereof and therefore had the right of partition and the court in refusing to grant the prayer of their petition erred to their prejudice.

The judgment will be reversed and the cause remanded for further proceedings according to law.

GEIGER and BARNES, JJ., concur.