COLLINS, EXRX., ET AL., APPELLANTS, *v.* JACKSON ET AL., APPELLEES.

(No. 50981—Decided November 19, 1986.)

*Daisy G. Collins,* for appellants.
*John P. Fox,* for appellees.

PARRINO, J. Plaintiffs appeal the trial court's judgment in favor of the defendants. The facts giving rise to this appeal are as follows.

## I

Norman Jackson, Sr. died March 29, 1984. Shortly thereafter, Daisy G. Collins was named as the executrix of his estate, and was charged, in part, with the duty to maintain any real property in the estate. One such property was the decedent's residential home located at 12809 Brookfield Avenue, Cleveland, Ohio. Norman Jackson, Sr. died owning an undivided one-half interest in the property and bequeathed it to his sons, Norman H. Jackson II and Harry L. Jackson, who already jointly owned the other undivided one-half interest in the property.[1] The two sons consented to the management of the property by Daisy Collins.

At the time of the decedent's death he was living in the house with his second wife, Gertrude Jackson. She has remained in the house and has not paid any rent, despite requests from Daisy Collins. As a result, Daisy Collins filed a forcible entry and detainer action seeking to evict Gertrude Jackson, and also sought past rent.

A hearing on the eviction action was had on August 29, 1985. At the hearing, Daisy Collins testified that Gertrude Jackson was not named in the will and, thus, elected to take her statutory share of the decedent's

---

[1] The two sons inherited the interest in the property from their mother, Norman Jackson, Sr.'s first wife.

estate.[2] Collins acknowledged that as a result, Gertrude Jackson has an undivided one-sixth interest in the residence in question. Collins further testified that she had unsuccessfully attempted to get Gertrude Jackson to pay rent on the home, and now seeks to have her evicted. Collins then called Cecil Salie, who testified that she rents a house two streets away for $325 per month.[3] Gertrude Jackson took the stand in her defense and admitted that she had not paid any rent, but denied having ever agreed to pay rent. She further maintained that she has refused to move from the house because she believes that the decedent had a second will in which she may have been given a greater interest in his estate. At the time of the hearing, that issue was pending before the probate court.

In an entry filed for journalization on September 5, 1985, the trial court found in favor of defendants on both of the plaintiffs' claim. The plaintiffs filed a timely appeal raising six assignments of error.

## II

Appellants' second, third, and fourth assignments of error state:

"II. The trial court committed prejudicial, reversible error in denying restitution of the premises to Plaintiffs, who had the right to immediate possession of the premises.

"III. The trial court committed prejudicial reversible error in denying

payment of rent to the Plaintiffs who hold the record title to an undivided one-half interest in the real property and to the Plaintiff who has been ordered by the Probate Court of Cuyahoga County to manage the real estate and to collect the rents therefrom.

"IV. The judgment of the trial court is manifestly against the weight of the evidence."

Under each of these assignments the appellants argue that the trial court's final judgment was contrary to law, and against the weight of the evidence. In examining the merits of this argument we must consider the plaintiffs' counts separately.

The plaintiffs' first count sought the eviction of Gertrude Jackson, pursuant to R.C. Chapter 1923. An executrix charged with the duty to manage real estate is expressly authorized to prosecute actions for forcible entry and detention. See R.C. 2113.311(B)(5). The question in the instant case is whether the executrix could evict the decedent's wife.

R.C. 1923.02 defines persons who are subject to a forcible entry and detainer action. R.C. 1923.02 provides in pertinent part:

"(A) Proceedings under Chapter 1923. of the Revised Code, may be had:

"* * *

"(5) When the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession."[4]

---

[2] R.C. 2107.39 provides a surviving spouse with the option to elect to take his or her statutory share, i.e., the amount of property the surviving spouse would be entitled to absent a will.

[3] This was apparently an attempt to establish the fair rental value of the property.

[4] The appellants may also contend that they were entitled to have Gertrude Jack-

son evicted under R.C. 1923.02(A)(1) and (2) which provide for eviction:

"(1) Against tenants holding over their terms;

"(2) Against tenants in possession under an oral tenancy, who are in default in the payment of rent as provided in this section."

The subsections are not applicable because Gertrude Jackson was not a "tenant" as defined under R.C. 1923.01(B)(1).

In *Brown* v. *Burdick* (1874), 25 Ohio St. 260, the court held in paragraph three of the syllabus that a person who wrongfully takes possession of property after the owner dies but before the land is devised, is " 'an occupier without color of title' " and may be evicted. In the instant case Gertrude Jackson possessed the property, and certainly in the first year was authorized to do so. See R.C. 2117.24 (surviving spouse permitted to stay in mansion house for one year). However, that right terminated on March 29, 1985, and Gertrude Jackson would only be legally entitled to stay in the home if she had a possessory interest in the property.

The record reveals, and Daisy Collins acknowledged at oral argument, that Gertrude Jackson presently owns an undivided one-sixth interest in the property. Her co-tenants in common are the decedent's sons who together own the remaining five-sixths undivided interest in the property.

It is clearly established that any co-owner of real property has a right to enter upon the common estates and take possession of the property, subject to the right of his co-tenants to take possession. *Cohen* v. *Cohen* (1951), 89 Ohio App. 389, 46 O.O. 218, 102 N.E. 2d 712, reversed on other grounds (1952), 157 Ohio St. 503, 47 O.O. 363, 106 N.E. 2d 77; *Hogg* v. *Beerman* (1884), 41 Ohio St. 81; *Jackson* v. *Brown* (1934), 17 Ohio Law Abs. 414. Further, one joint tenant cannot recover sole possession from another co-tenant. He can only share possession. 4 Thompson on Real Property (1979) 222, Section 1810. Therefore, Gertrude Jackson as a co-tenant has a possessory interest in the property and is not subject to eviction.

Accordingly, the trial court properly ruled in favor of Gertrude Jackson on the appellants' first count.

The appellants' second count sought to collect past rent due. The law is clear that even though Gertrude Jackson was a co-tenant, she was liable for the reasonable fair rental value of the property. This duty was set forth in *West* v. *Weyer* (1888), 46 Ohio St. 66, 18 N.E. 537, and followed in *Cohen, supra* (157 Ohio St. 503). Therefore, as to the second count, the appellants' second, third and fourth assignments of error are sustained.

## III

Appellants' first, fifth and sixth assignments of error state:

"I. The trial court committed prejudicial, reversible error in (1) denying Plaintiffs' motion to strike the answer of the Defendant which was filed thirty-eight (38) days after Defendant was served with a copy of the summons and complaint and Defendant did not request and was not granted an extension of time or a leave to plead; and (2) allowing Defendant to present evidence; and in (3) failing to enter a default judgment for Plaintiffs after Plaintiffs gave sworn testimony to support their first and second causes of action.

"V. The trial court has unconstitutionally deprived Plaintiffs of due process of law, equal protection of the laws, and their right to petition the courts in violation of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 16 of the Constitution of the State of Ohio.

"VI. The trial court committed prejudicial, reversible error in denying Plaintiffs' motion to tax the court reporter attendance fee as a cost of the case."

The appellants' first and fifth assignments of error relate to procedural problems which have been rendered moot by our earlier determination, and as such are overruled. In the appellants' sixth assignment, they seek

to be reimbursed for the cost of having a court reporter present. The taxation of costs is within the discretion of the trial court. This court will only reverse such a determination if the trial court abused its discretion, *i.e.,* acted in an unreasonable, arbitrary or unconscionable manner. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140. The record reveals no such abuse of discretion, and therefore, appellants' sixth assignment of error is overruled.

### IV

The trial court's judgment is reversed and the cause is remanded for a determination of the rent owed by Gertrude Jackson to the estate.

*Judgment reversed and cause remanded.*

ANN McMANAMON, J., concurs.

JACKSON, P.J., concurs in judgment only.