DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment by the Toledo Municipal Court which granted judgment to appellee in an eviction filing against appellant. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} 1. "The municipal court erred when it found that the municipal court had subject matter jurisdiction in the forcible entry and detainer action between the executor of the decedent's estate and a resident and beneficiary of the property at issue."
 {¶ 4} 2. "The municipal court erred when it determined that Ohio Revised Code Section 1923.02 gave the plaintiff/executor authority to evict the defendant beneficiary pursuant to the forcible entry and detainer action."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. Eugene R. Wos ("decedent") passed away on February 4, 2005. Decedent owned and occupied his personal residence, a single family home located in Maumee, Ohio. Decedent was a widower at the time of his death. Decedent died testate. Decedent is survived by four daughters, each of whom is designated in the will as equal beneficiaries of decedent's estate. Appellant and appellee are two of decedent's surviving daughters.
 {¶ 6} Appellee was designated by the will to serve as executrix of the estate. On February 18, 2005, appellee was appointed executrix by order of the Lucas County Probate Court. Decedent's will expressly granted the executrix the authority to liquidate decedent's residence.
 {¶ 7} In June 2004, decedent allowed appellant, an adult, to move back into her father's residence on a temporary basis. Decedent and appellant never executed or entered into any type of lease agreement. Appellant has never paid rent in exchange for her tenancy in decedent's residence. Appellant has never contributed towards utility costs, property taxes, or any similar costs associated with maintaining the residence. During his lifetime, decedent paid all such expenses. Following his death, decedent's estate has paid all such expenses.
 {¶ 8} Following her father's death, appellant changed the locks on her father's residence and the security code to the residence. Appellant's actions hindered appellee from taking the steps necessary to facilitate the sale of the residence. Appellee is duly authorized to liquidate the residence pursuant to the express provisions of decedent's will.
 {¶ 9} In response to appellant's actions, appellee furnished appellant written notification on behalf of the estate that she needed to vacate the residence on or before September 8, 2005. Appellant did not vacate the residence. Appellant remains in occupancy of the residence.
 {¶ 10} The record shows appellant was served with the requisite eviction notice pursuant to R.C. 1923.04 on September 8, 2005. On October 14, 2005, appellee filed an eviction action against appellant in Toledo Municipal Court. On November 1, 2005, appellant filed an answer to the complaint. In her answer, appellant asserted appellee lacks any right to terminate appellant's ongoing tenancy in decedent's premises.
 {¶ 11} On November 14, 2005, a full hearing on the eviction complaint was conducted in Toledo Municipal Court. The Toledo Municipal Court magistrate entered judgment in favor of appellee. On December 5, 2005, Judge C. Allen McConnell adopted the magistrate's decision. The trial court judgment entry of December 5, 2005, awarded possession of the premises to appellee.
 {¶ 12} On December 7, 2005, a writ of restitution was issued. On December 15, 2005, appellant filed a motion to stay execution of the writ of restitution pending this appeal. On December 16, 2005, the trial court granted the motion to stay.
 {¶ 13} In her first assignment of error, appellant asserts the Toledo Municipal Court erred when it concluded it possessed subject-matter jurisdiction over the eviction action. In support, appellant argues sole jurisdiction lies with the Lucas County Probate Court. Appellant relies upon R.C. 2101.24.
 {¶ 14} R.C. 2101.24 states, in relevant part, "Except as otherwise provided by law, the probate court has exclusive jurisdiction." Appellant also relies upon the case of Collins v.Jackson (1986), 34 Ohio App.3d 101, in support of her proposition that the trial court lacked jurisdiction. We have carefully reviewed the Collins case to ascertain its relevancy and impact on the matter under review. We find the Collins case fundamentally distinguishable from, and inapplicable to, the case under review. In Collins, the court was reviewing the tenancy rights of a surviving spouse. Such rights are common law in nature. By contrast, decedent had no surviving spouse. Appellant lacks any such common law based surviving spousal right of tenancy.
 {¶ 15} Upon review of relevant statutory provisions, we find the trial court was vested with express statutory subject matter jurisdiction and appellant was subject to appellee's eviction action. R.C. 1923.01 expressly vests the municipal court with subject matter jurisdiction in forcible entry and detainer actions. It states in relevant part, "any judge of a county or municipal court * * * a judge shall cause the plaintiff in an action under this chapter to have restitution of the land or tenements."
 {¶ 16} In conjunction with the trial court's statutory subject matter jurisdiction, appellant clearly qualifies as a "person(s) subject to forcible entry and detainer action," as established by R.C. 1923.02. R.C. 1923.02 (A) (5) specifies in relevant part that one is subject to such an eviction action, "When the defendant is an occupier of land or tenements, without color of title, and the complainant has the right of possession." Appellee has the testate right to liquidate, and therefore possess, the premises. On the contrary, appellant's occupancy of the premises is not rooted in common law, contract/leasehold law, or any legally enforceable basis.
 {¶ 17} R.C. 2104.24 expressly acknowledges the jurisdiction of probate court over real estate matters is conditional and limited. R.C. 2101.24 explicitly states, "Except as otherwise provided by law." R.C. 1923 provides otherwise. Appellant's first assignment of error is found not well-taken.
 {¶ 18} In her second assignment of error, appellant maintains the trial court erred in its judgment that R.C. 1923.02 furnished appellee the legal authority to file eviction proceedings against appellant. R.C. 1923.02(A)(5) states:
 {¶ 19} "(A) Proceedings under this chapter may be had as follows:
 {¶ 20} "(5) When the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them."
 {¶ 21} We must examine the statutory language in order to ascertain whether it may be reasonably interpreted so as to have provided the statutory authority to appellee to file the disputed eviction complaint against appellant.
 {¶ 22} Controlling case law establishes our review be conducted pursuant to the plain meaning doctrine. An appellate court has no authority to bypass or modify the plain meaning of unambiguous statutory language. Our statutory application must be confined to the plain meaning of the relevant statutory language.Judy v. State of Ohio, 6th Dist. No. L-01-1200, 2004-Ohio-5673, at ¶ 8.
 {¶ 23} It is undisputed that appellant is the occupier of the disputed premises. Since her father's death, appellant has been the sole occupier of decedent's residence. Appellant's occupancy was not pursuant to a written lease, life estate, land contract, or any other contractual or common law basis of legal tenancy.
 {¶ 24} Appellant's status as a one-quarter beneficiary of the proceeds of sale of the residence, as dictated by the terms of the will, furnishes no sort of irrevocable or unchallengeable tenancy-at-will. Appellant's status entitles her to an equal share of the proceeds of sale of the premises. It does not entitle her to tenancy. The executor, not the heirs, is entitled to possession of the estate property. In re Estate of Line
(1997), 122 Ohio App.3d 387, 393.
 {¶ 25} Appellant unpersuasively argues that R.C. 2113.311
lends credibility to her appeal. The plain language of R.C.2113.311 explicitly pertains to the rental and management of real estate in a pending estate. As such, this statute delineates an executor's rental collection powers, repair duties, insurance obligations, and other such duties inherently necessary to conduct a rental operation.
 {¶ 26} We find R.C. 2113.311 is inapplicable to this case. The statute unambiguously applies to rental properties. Decedent's residence is not a rental property.
 {¶ 27} We find pursuant to the plain meaning doctrine the trial court did not err in its judgment that R.C. 1923.02
provides appellee the statutory authority to evict appellant. We find R.C. 2113.311 inapplicable to the facts of this case. Appellant's second assignment of error is not well-taken.
 {¶ 28} The judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Skow, J. Parish, J. concur.