[Cite as *Stephan v. Wacaster*, 2025-Ohio-565.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| RICK STEPHAN, SR., ET AL. | : | |
| | : | |
| Appellees | : | C.A. No. 2024-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 21 CV 211 |
| | : | |
| CONNIE WACASTER, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 21, 2025

. . . . . . . . . . .

THOMAS W. KENDO, JR., Attorney for Appellant

W. MICHAEL CONWAY, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendants-Appellants Connie Wacaster, Tami Bodie, and Todd Wacaster appeal from a judgment of the Miami County Common Pleas Court granting summary judgment to Plaintiffs-Appellees Rick Stephan, Sr. and Chris Stephan. For the following reasons, we will affirm the judgment of the trial court.

I.    Facts and Course of Proceedings

{¶ 2} On July 20, 2021, Rick Stephan, Sr. and Chris Stephan ("Plaintiffs") commenced an action in Miami County Common Pleas Court against Connie Wacaster, Tami Bodie,[1] Todd Wacaster, Rick Stephan, Jr., and Michael Kiesewetter.    The complaint sought a partition by sale of real estate and an accounting.   The property at issue was a 95-acre farm located in Newberry Township in Miami County.   Plaintiffs' claims were based on a Last Will and Testament executed by Margaret Stephan.   Her Will provided, in part:

ITEM THREE:   I give, devise, and bequeath my 95 acre farm known as 10290 North Newberry-Washington Road, Piqua, Ohio to my daughter, Connie Wacaster, and my son, DeWayne Stephan, equally, share and share alike, for Life.   The Remainder of the Life Estate of Connie Wacaster, I give, devise, and bequeath to her children, Tami Body and Todd Wacaster, equally, and share and share alike.   The Remainder of the Life Estate of DeWayne Stephan, I give, devise, and bequeath to his children, Chris Stephan and Rick Stephan, equally, and share and share alike.

{¶ 3} At the time Plaintiffs filed their complaint, Margaret Stephan and her son,

---

[1] The record contains a discrepancy in the spelling of Tami's last name.   Margaret's Will spelled it "Body," but we will spell it "Bodie" to be consistent with the trial court's judgment and Tami's pleading.

DeWayne Stephan,[2] were both deceased. Plaintiffs are the children of DeWayne and grandchildren of Margaret.

**{¶ 4}** Connie Wacaster filed an answer and counterclaims for declaratory judgment and contribution. Rick Stephan, Jr. did not file an answer and, on Plaintiffs' motion, the trial court granted a default judgment against him. Tami Bodie and Todd Wacaster also filed an answer.

**{¶ 5}** On August 23, 2022, Plaintiffs filed a motion for partial summary judgment on their partition claim. According to their motion, Margaret's Will lacked the necessary language and intent to create a survivorship tenancy, and Plaintiffs possessed a statutory right to partition. Connie opposed Plaintiffs' motion for summary judgment and filed her own motion for summary judgment. Connie argued that remaindermen like Plaintiffs cannot have partition where there is an outstanding life interest in a third person like Connie for the whole of the premises. Connie contended it did not matter whether the life estate interests of Connie and DeWayne were those of joint life tenants or life tenants in common. According to Connie:

> The dichotomy between joint tenancy and tenancy in common goes
> only to the irrelevant issue of survivorship: if Connie and [DeWayne] were
> joint tenants, then the survivor of them would inherit the entire interest upon
> the other's death, and the heirs of the longer-lived tenant would thereafter

---

[2] There is a discrepancy in the record as to the spelling of the name of Margaret's son. His name was spelled "DeWayne" by the trial court and Plaintiffs. Connie spelled his name "DeWaine," which is consistent with how his name was spelled on his death certificate. We will use DeWayne throughout this opinion to be consistent with the trial court's judgment.

be the only ones to inherit. With tenants in common, by contrast, each tenant's interest is separately devisable to that tenant's heirs. Those alternatives are academic here, as the will dictates who gets the fee simple remainder when the life estate ends. The plaintiffs and Connie's two children are inheriting not from [DeWayne] or Connie, but from Margaret.

Memorandum of Connie Wacaster Opposing Plaintiffs' Motion for Summary Judgment, p. 4.

{¶ 6} On November 7, 2022, the trial court issued a decision and judgment entry granting partial summary judgment in favor of Plaintiffs and overruling Connie's motion for summary judgment. The trial court found that "Margaret's will does not grant a survivorship tenancy; instead, it granted a tenancy-in-common." Decision (Nov. 7, 2022), p. 2. The court explained that at common law, courts presumed a devise of property to two or more individuals established a tenancy in common and R.C. 5302.19 carried forward this presumption that existed at common law. The trial court noted that "Margaret's devise of the Property does not include 'language that shows a clear intent to create a survivorship tenancy.' The word 'survivor' does not even appear. Actually, the language references two, one-half interests in a life estate – one to DeWayne and one to Connie – the 'remainders' of which pass, respectively to DeWayne's and Connie's children." Decision, p. 7. The court concluded that Plaintiffs had a collective fee simple, one-half interest in the property and were entitled to partition.

{¶ 7} On December 5, 2022, Connie filed a notice of appeal from the trial court's grant of partial summary judgment. On December 21, 2022, we dismissed the appeal

for lack of a final, appealable order.

{¶ 8} Plaintiffs moved for an appointment of a commissioner to make the partition of the property pursuant to R.C. 5307.04. The trial court granted the motion and appointed a commissioner. On January 23, 2023, Plaintiffs moved for partial summary judgment on their accounting claim. The trial court overruled the motion on April 2, 2023, concluding that Plaintiffs had failed to identify any facts pertinent to their accounting claim. The same day, the trial court issued a writ of partition. Connie filed a notice of appeal from the trial court's issuance of the writ.

{¶ 9} On December 15, 2023, we concluded that the trial court's partial summary judgment ruling and its writ of partition were interlocutory and not appealable absent Civ.R. 54(B) certification, which did not exist. *Stephan v. Wacaster*, 2023-Ohio-4566, ¶ 21 (2d Dist.). Accordingly, we dismissed Connie's appeal for lack of an appealable order. *Id.* at ¶ 22.

{¶ 10} Plaintiffs subsequently dismissed their claims against Kiesewetter. The case then proceeded to trial. On June 11, 2024, following a bench trial, the trial court issued a decision and judgment entry finding that Plaintiffs were entitled to judgment on their claim for partition against Defendants Tami Bodie and Todd Wacaster. The court also found that (1) Plaintiffs failed to demonstrate entitlement to the appointment of a receiver and (2) Plaintiffs were each entitled to $6,551.78 from Connie Wacaster on their claims for an accounting.[3] The trial court also issued an amended writ of partition.

{¶ 11} Connie Wacaster, Tami Bodie, and Todd Wacaster appeal from the trial

---

[3] The trial court made other findings that are not at issue in this appeal.

court's judgment. Their arguments challenge the trial court's determinations following the trial and some of its pretrial rulings.

II.     The Trial Court Did Not Err in Granting Summary Judgment to Plaintiffs

{¶ 12} Connie's sole assignment of error states:

The November 7, 2022 summary judgment ruling was error, as were the April 2, 2023 writ of partition and the June 11, 2024 damage award, both of which assume and depend upon that summary judgment ruling.[4]

{¶ 13} Appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Summary judgment should be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 14} Connie states that her entire appeal revolves around the trial court's November 2022 summary judgment ruling. According to Connie, Ohio law bars Plaintiffs' request for partition because she still has a life estate in the farm, which means

---

[4] Tami Bodie and Todd Wacaster did not file appellate briefs. In response to our order to show cause as to why the appeal should not be dismissed as to them, they asked to join in Connie's appellate briefs. On October 17, 2024, we deemed satisfied the order to show cause and construed Connie's initial and reply briefs as having been submitted by all three Appellants.

Plaintiffs can claim no possessory interest in the farm and cannot receive partition until her life estate ends. Connie relies primarily on the following statement from *Eberle v. Gaier*, 89 Ohio St. 118 (1913), paragraph one of the syllabus: "Where there is an outstanding life estate vested in a third person for the whole of the premises of which partition is sought, remaindermen cannot have partition."

{¶ 15} Plaintiffs respond that they have a possessory interest in the property at issue. According to them, Margaret's Will "clearly gives that remainder interest to them, because there is no joint life estate but separate life estates in the brother and sister. Similarly, there are separate remainder interests to the children of the brother and to the children of the sister. How the language of the Will could provide for a 'joint life estate', but with similar language for tenancy in common for the remainders is a mystery." Appellees' Brief, p. 5-6.

{¶ 16} "Tenants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code." R.C. 5307.01. "If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." R.C. 5307.04.

{¶ 17} "The purpose of the statutory proceeding in partition is to have set off and divided to the parties in interest their part and proportion of the estate. It is to secure to each tenant the exclusive possession of his share of the real estate theretofore held in

common." *Eberle*, 89 Ohio St. at 123. "Before an order of partition can be made, there must be a finding that plaintiff has a legal right to a part of the real estate. If he cannot have the immediate and exclusive possession thereof and enjoy his own share in severalty, he cannot be said to have the legal right thereto." *Id.* "It follows then that, if the tenant is prevented by an intervening estate from possessing and enjoying his own share of the common estate in severalty, partition will not lie." *Id.* Typically, a remainderman cannot seek partition because he does not have both the requisite title to some part of the real estate and an immediate right to possession. "Where, however, the intervening estate has been terminated by operation of law, or where the owner of such estate has conveyed his interest to the remainderman, partition will lie." *Id.*

{¶ 18} In order to determine whether Plaintiffs were entitled to partition, we must first determine whether they had a possessory interest in the property at the time they filed their complaint. This requires us to take a close look at Margaret's Will, which stated in pertinent part:

ITEM THREE: I give, devise, and bequeath my 95 acre farm known as 10290 North Newberry-Washington Road, Piqua, Ohio to my daughter, Connie Wacaster, and my son, DeWayne Stephan, equally, share and share alike, for Life. The Remainder of the Life Estate of Connie Wacaster, I give, devise, and bequeath to her children, Tami Body and Todd Wacaster, equally, and share and share alike. The Remainder of the Life Estate of DeWayne Stephan, I give, devise, and bequeath to his children, Chris Stephan and Rick Stephan, equally, and share and share alike.

{¶ 19} Contrary to Connie's contentions, the determination of whether Margaret's Will set up a co-tenancy between DeWayne and Connie or a joint survivorship between them is dispositive of this appeal. If the Will set up a co-tenancy relationship, then once DeWayne died, Plaintiffs immediately became tenants in common with Connie due to their status as remaindermen to DeWayne's life estate. As such, at the time their father died, Plaintiffs would have had a fee simple interest in the property at issue, which would have allowed them to seek partition. On the other hand, if Margaret's Will instead set up a joint survivorship between Connie and DeWayne, then once DeWayne died, Connie would have owned the entire property, resulting in Plaintiffs not having any interest in the property, let alone a possessory one. Under such a scenario, Plaintiffs could not seek partition of the property.

{¶ 20} "The role of a court in interpretation of wills is to ascertain and give effect to the testator's intent." *Peters v. Allison*, 2004-Ohio-4143, ¶ 15 (6th Dist.), citing *Wendell v. AmeriTrust Co., N.A.*, 69 Ohio St.3d 74, 76 (1994). "In aid of determining intent, it is presumed that the testator was familiar with the law." *Id.*, citing *Wendell* at 76. " 'The law favors the vesting of estates at the earliest possible moment, and a remainder after a life estate vests in the remainderman at the death of the testator, in the absence of a clearly expressed intention to postpone the vesting to some future time.' " *Id.* at ¶ 16, citing *Ohio Natl. Bank of Columbus v. Boone*, 139 Ohio St. 361 (1942), paragraph two of the syllabus, and *Wendell* at 77.

{¶ 21} Based on our review of the relevant statutes and Margaret's Will, we conclude that Margaret's Will set up a tenancy in common relationship between Connie

and DeWayne. R.C. 5302.19 provides, "Except as provided in sections 5302.17, 5302.20, and 5302.21 of the Revised Code, if any interest in real property is conveyed or devised to two or more persons, such persons hold title as tenants in common and the joint interest created is a tenancy in common." R.C. 5302.20 acts as an exception to this general rule and describes the creation of a joint survivorship. That section provides, in part:

> (A) Except as provided in section 5302.21 of the Revised Code, if any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy. Any deed or will containing language that shows a clear intent to create a survivorship tenancy shall be liberally construed to do so. . . .
>
> (B) If two or more persons hold an interest in the title to real property as survivorship tenants, each survivorship tenant holds an equal share of the title during their joint lives unless otherwise provided in the instrument creating the survivorship tenancy. Upon the death of any of them, the title of the decedent vests proportionately in the surviving tenants as survivorship tenants. This is the case until only one survivorship tenant remains alive, at which time the survivor is fully vested with title to the real property as the sole title holder. . . .

{¶ 22} Nothing in Margaret's Will showed an intent to set up a joint survivorship as

contemplated by R.C. 5302.20. Rather, the plain language in Margaret's Will set up a tenancy in common between Margaret and DeWayne during their lives. This is made clear by the language in Margaret's Will about what would happen to Connie and DeWayne's respective life estates upon their deaths. Margaret stated a clear intention in her Will that her grandchildren would immediately acquire a fee simple interest when their respective mother or father died. Therefore, when DeWayne passed away, his one-half interest in the property passed collectively to Plaintiffs, who then became tenants in common with each other and with Connie. This is because Margaret's stated intention that the remainder of her two children's life estates would go to her grandchildren rather than the last of her surviving children is consistent with a tenancy in common rather than a joint survivorship. *See* R.C. 5302.19. To conclude otherwise would completely frustrate the clear intent expressed in Margaret's Will.

{¶ 23} In addition to the plain language of the Will, our precedent supports the trial court's decision to grant summary judgment to Plaintiffs. For example, in *Jackson v. Brown*, 17 Ohio Law Abs. 414 (2d Dist. 1934), the decedent's Will provided for distribution of real property to his three children as follows: (1) a one-third interest went to his son George "for the period of his natural life, and then to the heirs of his body in fee simple"; (2) a one-third interest went to his son Charles "for the period of his natural life, and then to my Grandchildren"; and (3) a one-third interest to his daughter Estella "for the period of her natural life and then to the heirs of her body in fee simple." *Id.* at 415. After the decedent and his daughter Estella had both died, one of Estella's children filed a complaint seeking partition of the property at issue. The trial court denied the plaintiff's

request for partition. On appeal, we reversed the trial court's judgment. We explained:

It will be observed that the three life estates originally created were in the whole of the real estate of decedent. At the time of the judgment of the trial court George W. Brown, life tenant, his issue and representative remaindermen were living, Charles E. Brown, life tenant was living and unmarried, but Estella P. Mumford, the third life tenant, was dead and the fee in the undivided third of the property in which she had a life interest had passed to Lois Jackson, Hubert Mumford and Mildred Mumford, her children and only issue, in the proportion of one-ninth each of the whole tract. Thus, these three children of Estella P. Mumford had a fee simple title to one-third of the real estate involved with the right to immediate possession.

*Id.* at 416-417. We concluded that the trial court's refusal to partition was incorrect. To hold otherwise would mean that "the land cannot be divided and apportioned until the death of all of the life tenants." *Id.* at 417. We cautioned, "It would not be equitable to deny each owner in fee the right to his several interest in the real estate." *Id.*

{¶ 24} A few years later in *Weeks v. Thompson*, 66 Ohio App. 1 (2d Dist. 1940), we addressed another situation in which the trial court had denied a partition request. There, the decedent's Will stated, in relevant part:

After the death of my wife, I give, devise and bequeath to my three sons and my three daughters, the entire net income from the said residue of my said property and estate in item III referred to, for and during the term of their lives respectively, share and share alike, and upon the death of one

or more of my said children leaving issue of his, her or their bodies, I give, devise and bequeath the share or shares which such deceased ancestor or ancestors would have taken if then living, to his, her or their children, then living, equally, share and share alike, absolutely and in fee simple.

*Id.* at 9.

{¶ 25} Based on the language in the Will, we held that the children of a deceased child of the testator had a vested remainder in fee, were entitled to immediate possession thereof, and were permitted to maintain an action to partition the reality. *Id.* at syllabus. We explained:

It is our conclusion then that the estate of the children of the testator living at his death were limited to life estates but that upon the death of any of said children the interest of that child passed in fee to his child or children, if any living.

Inasmuch as Emma Christina Weeks had children living at her death they take in fee the share in which she held a life estate, and as Henry L. Tinnerman left one child, Clifford L. Tinnerman, he took in fee simple the share of the estate of the testator in which his father held a life estate, and the plaintiff, Henry H. Hollencamp, succeeded to the interest of Clifford L. Tinnerman by virtue of his deed of conveyance.

It follows that the plaintiffs at the time of the institution of the action of partition had a vested interest in fee in the proportions heretofore set out in the real estate described in the petition and were entitled to the immediate

possession thereof. They therefore had the right of partition and the court in refusing to grant the prayer of their petition erred to their prejudice.

*Id.* at 13-14.

**{¶ 26}** Similar to the facts in *Weeks* and *Jackson*, at the time Plaintiffs filed their complaint seeking partition, they were no longer remaindermen waiting for an intervening estate to terminate. Rather, when DeWayne died, Plaintiffs collectively acquired a fee simple interest in one-half the property. As such, they were tenants in common with Connie and had the immediate possessory interest that permitted them to file an action for partition. Therefore, the trial court did not err in granting summary judgment to Plaintiffs on their partition claim.

**{¶ 27}** The assignment of error is overruled.

III. Conclusion

**{¶ 28}** Having overruled the sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.