ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On November 8, 2004, Catherine Brady ("relator") filed a complaint for a writ of prohibition against Judge Raymond L. Pianka and Magistrate David D. Roberts of the Cleveland Municipal Court Housing Division ("housing court"). In her petition, Brady asks this court to prohibit the housing court from proceeding with a complaint in forcible entry and detainer, past rent and money damages. On December 20, 2004, Judge Pianka and Magistrate Roberts ("respondents") filed a motion to dismiss relator's complaint. On December 27, 2004, Brady filed a brief in opposition to the motion to dismiss. For the following reasons, we grant respondents' motion to dismiss.
 {¶ 2} According to the filings, Attorney John McCaffrey was appointed guardian of the estate of Nora Brady, Catherine Brady's mother and owner of the subject property. After what appears to be a bitter challenge to the appointment of McCaffrey as guardian of her mother's estate, Brady entered into a purported settlement agreement with McCaffrey in December 2003. Under the settlement terms, Brady agreed to drop her challenge to McCaffrey's serving as guardian of her mother's estate and to dismiss Court of Appeals Case Nos. 83494 and 83958. In return, McCaffrey agreed to present to the probate court any reasonable offer he received to purchase the subject property.
 {¶ 3} Brady claims that McCaffrey breached this settlement agreement when he refused to present the court with her offer to purchase the residence. Brady filed a motion for a temporary restraining order and a complaint for declaratory judgment in Catherine Brady v. John McCaffrey,et al., Cuyahoga County Court of Common Pleas, Case No. CV-530154. She sought a restraining order to prevent McCaffrey from evicting her and selling the subject residence, and also sought a declaration of rights under the settlement agreement.
 {¶ 4} In the common pleas case, Judge Shirley Strickland Saffold stayed all actions related to the residence until a hearing set for May 19, 2004. However, at that hearing, Judge Saffold dismissed the case for lack of jurisdiction due to the pending matters in probate court and the court of appeals. On June 25, 2004, Brady appealed Judge Saffold's ruling to this court in Case No. 84866.
 {¶ 5} On August 26, 2004, McCaffrey executed a three-day notice to vacate the residence and brought a forcible entry and detainer complaint against Brady in Case No. 2004 CVH 23458 in housing court.[1]
 {¶ 6} In her petition for prohibition, Brady asserts that the housing court is patently and unambiguously without jurisdiction because of jurisdictional priority/comity. She asserts that since the action in common pleas court was filed first, the housing court is without jurisdiction.
 {¶ 7} The principles governing prohibition are well established. In order to be entitled to a writ of prohibition, the relator must establish that the respondent is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that the denial of the writ will cause injury to relator for which no other adequate remedy exists in the ordinary course of law. State ex rel. Whitev. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267; State exrel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641.
 {¶ 8} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision. State ex rel.Enyart v. O'Neill, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110;State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.
 {¶ 9} However, the Ohio Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner, 74 Ohio St.3d 158, 1995-Ohio-278, 656 N.E.2d 1288, citing State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 28, 1995-Ohio-148,647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown, 80 Ohio St.3d 408,1997-Ohio-334, 686 N.E.2d 1126. In this matter, we find that Brady failed to establish that the housing court patently and ambiguously lacked jurisdiction to proceed in this matter.
 {¶ 10} According to R.C. 1923.01(A), "* * * any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them * * *". However, R.C. 1901.181(A)(1) provides in part, "* * * if a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation * * *."
 {¶ 11} The subject property is located in Cleveland. Because the Cleveland Municipal Court has a housing division and the subject property is located within the housing division's jurisdiction, the housing court has jurisdiction over the forcible entry and detainer action.
 {¶ 12} Additionally, when a trial court unconditionally dismisses a case, as Judge Saffold appears to have done, it no longer has jurisdiction to proceed. State ex rel. Hunt v. Thompson (1992),63 Ohio St.3d 182, 183, 586 N.E.2d 107; State ex rel. Rice v. McGrath
(1991), 62 Ohio St.3d 70, 577 N.E.2d 1100. We find that Brady failed to demonstrate how the jurisdictional priority rule prevents the housing court from proceeding when the matter that was filed in common pleas court was dismissed.
 {¶ 13} Because Brady failed to demonstrate that the housing court patently and unambiguously lacked jurisdiction over the matter, the availability of an adequate remedy at law prevents this court from granting her petition. In this matter, Brady has an adequate remedy by way of an appeal. In fact, a review of this court's docket indicates that she appealed the judgment of the housing court in Court of Appeals Case No. 85684.
 {¶ 14} Accordingly, we grant the respondents' motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Sweeney, P.J., concurs.
 Gallagher, J., concurs.
[1] Case No. 2004 CVH 23458 was consolidated with Case No. 2004 CVH 18700.