{¶ 1} Defendant Tim Barnick appeals from the order of the trial court evicting him from his father's home. For the reasons set forth below, we affirm.
 {¶ 2} On August 17, 2005, plaintiff Russell Baron was appointed guardian of Richard Barnick (hereafter referred to as the "father") after the father was declared incompetent. The father was subsequently admitted to a nursing home.
 {¶ 3} On November 17, 2005, Baron filed an action for forcible entry and detainer to evict Tim Barnick (hereafter referred to as "son") from property owned by the father, in order to comply with Medicaid regulations requiring that a nursing home patient's real property must be sold in order for the patient to be qualified for Medicaid assistance. The son filed a motion to remove Baron as guardian and the probate court denied this motion.
 {¶ 4} The eviction matter proceeded to a hearing in the Garfield Heights Municipal Court. The municipal court acknowledged that the guardian had standing to pursue the eviction action. The court further determined that the son had not paid rent and had no evidence to demonstrate his right to remain on the premises. The guardian informed the court that although the son wanted his father to return to the home that they shared, the probate court had already determined that this was not in the father's best interest due to his declining physical and mental capabilities. The municipal court granted the guardian a writ of forcible entry and detainer and the son now appeals, assigning two errors for our review.
 {¶ 5} The son's first assignment of error states:
 {¶ 6} "The court erred in finding that [the guardian] met his burden of proof."
 {¶ 7} Within this assignment of error, the son asserts that the eviction should not have proceeded since his father wanted him to remain on the property and nothing vitiated this consent.
 {¶ 8} As noted by the guardian, applicants for Medicaid must have limited assets. They do not qualify if they have more than $ 1,500 worth of "countable resources." O.A.C. 5101:1-39-05(A)(5). See, also,Young v. Ohio Dept of Human Serv., 76 Ohio St. 3d 547, 1996-Ohio-70, 668 N.E.2d 908. Real property is included within this term. Ohio Adm. Code5101:1-39-05.
 {¶ 9} The determination of whether a ward should seek Medicaid assistance for medical coverage and, in turn comply with the Medicaid regulations, is made by the fiduciary who is then accountable to the probate court. See R.C. 2109.01. In In re Ewanicky, Cuyahoga App. No. 81742, 2003-Ohio-3351, this court noted that a guardian should have applied for Medicaid for the ward and was properly removed for failing to do so. In accordance with the foregoing, the guardian had legal authority to seek eviction of the son.
 {¶ 10} Moreover, the son's claim that the father had consented to his remaining on the property was insufficient under the Medicaid regulations to bar the liquidation of this property,[1] and the son was simply an occupier of land without color of title. R.C.1923.02.
 {¶ 11} In accordance with the foregoing, this assignment of error is without merit.
 {¶ 12} The son's second assignment of error states:
 {¶ 13} "The court erred in not ensuring an equitable remedy."
 {¶ 14} Within this assignment of error, the son asserts that the court should have waited to determine whether his father's condition improved, and he allowed him to return home, before proceeding with the eviction.
 {¶ 15} As correctly noted by the municipal court, the resolution of issues related to the father's condition, care and medical requirements are determined in the probate court. See R.C. Chapter 2111. Further, the guardian advised the municipal court that the probate court held a hearing on this matter and ruled that the father needed to remain in the nursing home.
 {¶ 16} Moreover, the housing court has jurisdiction despite the probate proceedings, because the son was simply an occupier who did not have color of title. See State ex rel. Brady v. Pianka, Cuyahoga App. No. 84590, 2005-Ohio-377; Estate of Wos v. Wos, Lucas App. No. L-05-1408, 2006-Ohio-4302. This issue therefore does not defeat the eviction.
 {¶ 17} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] See O.A.C. 5101:1-39-05(A)(5).