DIEFENTHALER et al., Appellees,

v.

SCHUFFENECKER et al., Appellants.

[Cite as *Diefenthaler v. Schuffenecke,* 190 Ohio App.3d 509, 2010-Ohio-5380.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–10–010.

Decided Nov. 5, 2010.

510

W. Patrick Murray and William H. Bartle, for appellees.

John D. Birmingham and William J. Carstensen, for appellants.

PIETRYKOWSKI, Judge.

{¶ 1} This appeal concerns a February 11, 2010 judgment of the Ottawa County Court of Common Pleas granting summary judgment in favor of appellees, Clarence J. Diefenthaler and Ruth M. Diefenthaler, in a border dispute over the location of the common border between properties owned by them and adjoining property owned by appellants, Thomas Schuffenecker and Luan Schuffenecker. The properties are located in Allen Township, Ottawa County, Ohio.

{¶ 2} A dispute as to ownership arose after a survey of the Diefenthaler property in 2006. The Diefenthalers claim ownership by adverse possession of a strip of land, varying in width from approximately 22 to 45 feet along the western border of their property with the Schuffeneckers. On December 3, 2007, they filed suit seeking a declaration of their ownership of the strip of land in the Ottawa County Court of Common Pleas.

{¶ 3} In the February 11, 2010 judgment, the trial court granted them summary judgment on the adverse-possession claim and declared them owners of the disputed property against any claim or interest of the Schuffeneckers or others.

{¶ 4} The Schuffeneckers appeal that judgment. They assert three assignments of error on appeal:

{¶ 5} "Assignment of Error # 1

{¶ 6} "The trial court erred in granting the Diefenthalers' motion for summary judgment.

{¶ 7} "Assignment of Error # 2

{¶ 8} "The decision by the trial court to find that the Diefenthalers had established a claim of adverse possession to a 'forty foot strip of property' is totally unsubstantiated by any evidence in the record and is against the manifest weight of the evidence.

{¶ 9} "Assignment of Error # 3

{¶ 10} "The trial court erred in applying an incorrect standard in granting the Motion for Summary Judgment."

{¶ 11} Appellate courts review judgments granting motions for summary judgment on a de novo basis, applying the same standard for summary judgment as the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Such motions are based upon a showing that there is no genuine issue of material fact for trial:

{¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶ 13} The moving party must demonstrate "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 14} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

{¶ 15} The Diefenthalers filed transcripts of depositions of Thomas and Luann Schuffenecker, the affidavit of surveyor Bryan D. Ellis, the affidavit of Clarence J. Diefenthaler, and associated exhibits in support of the motion for summary judgment. Exhibits included the Ellis survey in 2006 and prior surveys conducted in 1915 and 1934. The Schuffeneckers submitted the affidavit of Thomas Schuffenecker in opposition to the motion.

{¶ 16} The evidentiary materials demonstrate that the Diefenthalers are the current owners of a family farm of approximately 96 acres that is part of Section 32 located in Allen Township, Ottawa County, Ohio. The property has been owned by the Diefenthaler family continuously for over 100 years. The original farm, which included the western portion abutting the Schuffenecker property, was owned by Clarence Diefenthaler's great grandfather, Antone Diefenthaler. John Diefenthaler, Clarence's grandfather subsequently acquired title to the farm and transferred it to Otto Diefenthaler, Clarence's father, in approximately 1950. Clarence's parents transferred title to the property to him in 1965.

{¶ 17} At the time of the motion for summary judgment, Clarence Diefenthaler was 79 years of age. He had lived on the family farm most of his life. Clarence was age 20 when ownership of the property passed to his father in 1950. He was age 35 when the property passed to him. The Schuffeneckers purchased the property directly to the west of the Diefenthaler property in 1988 and have resided there continuously since 1988.

{¶ 18} In 2006, Clarence Diefenthaler requested Bryan D. Ellis, a registered surveyor, to conduct a survey of the Diefenthaler farm. Ellis determined that two lines existed for the western boundary of the farm. In his affidavit, Ellis testified that "[o]ne was a line of occupation by an existing fence and stone set by J.J. Joyce, Jr., the Ottawa County engineer for W.C. Burkhard from a survey on October 29, 1915 as recorded in the Ottawa County Engineers Office, and a resurvey by D.J. Nissen, Deputy County Engineer for John Diefenthaler, during February 1934 as recorded in the Ottawa County Engineers Office." According to the affidavit, "[t]he second line was a line established by a monument set by surveyors BEC and Associates at the northwest corner of the subdivision referred to as 'Chippewa Reserve.'" Exhibits to the Ellis affidavit included his survey, his November 27, 2006 survey report, and copies of the 1915 and 1934 surveys and a copy of the 1915 county engineer survey field notes.

{¶ 19} If the western border of the Diefenthaler farm were the line of occupation, according to Ellis, the property boundary line would be "about forty (40) feet west of what would be the boundary based upon BEC and Associates' survey of the property to the south of the Diefenthaler family farm." The ownership of the strip of land located between the two lines is the subject of this litigation.

{¶ 20} In his affidavit, Clarence Diefenthaler stated that since he was a child, his parents and he have always had sole possession of the land up to the line of occupation to the west. He described the western boundary of the farm as including a wooded area to the north and farmland to the south. An aerial photograph is an exhibit to the Clarence Diefenthaler affidavit. Diefenthaler identified the photograph as a photograph obtained from the Ottawa County auditor's website and stated that the area he circled on the photograph depicted the wooded and cropland areas in dispute along the western border of the farm.

{¶ 21} As to the northern wooded area of the disputed strip of land, Diefenthaler, by affidavit, testified: "For a period of at least fifty (50) continuous years the wooded area was used by my parents and myself, family and friends (with my permission) for hunting. In addition, the wooded area was used in the past for approximately twenty-seven (27) consecutive years for pasturing cows by my parents and myself."

{¶ 22} Clarence Diefenthaler stated in his affidavit that a wood and wire fence existed in the past along the occupation line in the wooded area. It was used to keep livestock on the farm. According to Diefenthaler, the fence deteriorated with time but portions of the fence still remain.

{¶ 23} In his affidavit, Ellis described his findings in the survey he conducted. In his survey report, he discussed his research and investigation undertaken in reaching his findings. Ellis located the remains of wooden fence posts in 2006 along the line of occupation and correlated them to a fence line depicted in a 1934 survey. A factor in correlating the fences was his locating a 1915 survey stone located in 2006 along the occupation line. The stone is identified in the survey drawings. In the 2006 survey drawing, Ellis depicts the present fence line, the 1915 stone, and the fencing depicted in the 1934 survey as located along the line of occupation. The occupation line is defined by Ellis in his affidavit in terms of the 1915 stone: "I found that two (2) lines existed for the western boundary of the farm. One was a line of occupation by an existing fence and stone set by J.J. Joyce, Jr. the Ottawa County engineer for W.C. Burkhard from a survey on October 29, 1915 as recorded in the Ottawa County Engineers Office, and a resurvey by D.J. Nissen, Deputy County Engineer for John Diefenthaler, during February 1934 as recorded in the Ottawa County Engineers Office."

{¶ 24} With respect to the disputed cropland area to the south of the wooded area, Clarence Diefenthaler testified by affidavit that he, his son, Kevin Fox (a lessee who has farmed the land since 1997), his parents, and his grandfather cultivated the farm field up to the line of occupation every year for over 50 years.

{¶ 25} In his affidavit, Thomas Schuffenecker testified to purchase of their farm property in 1988, their understandings as to the location of property lines during their ownership, and use of property along the eastern border with the Diefenthaler property. The Schuffenecker affidavit did not claim any knowledge of past uses of the properties prior to the Schuffeneckers purchasing their farm in 1988.

{¶ 26} "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, at syllabus; *Evanich v. Bridge,* 119 Ohio St.3d 260, 2008-Ohio-3820, 893 N.E.2d 481, ¶ 7. Adverse possession can be established where possession is established, as here, under a mistaken belief that the occupier owned the property:

{¶ 27} "In a claim for adverse possession, the intent to possess another's property is objective rather than subjective, and the legal requirement that possession be adverse is satisfied by clear and convincing evidence that for 21

years the claimant possessed the property and treated it as the claimant's own. (*Yetzer v. Thoman* (1886), 17 Ohio St. 130, followed.)" *Evanich v. Bridge* at syllabus.

■ {¶ 28} " 'The possession necessary is that * * * shown by overt acts of an unequivocal character which clearly indicate an assertion of ownership of the premises to the exclusion of the rights of the real owner. *Gill v. Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433. * * * Actions of the claimant referable to the ownership claimed are required in order to prove the essential element of actual possession in such cases, such as building on the premises or fencing them to define the limits of the claim and to warn the true owner of the necessity for him to take protective measures. *Clark v. Potter* [ (1876), 32 Ohio St. 49, 62].' " *Suever v. Kinstle* (Nov. 29, 1989), 3d Dist. No. 1–88–24, 1989 WL 145169, *3. See *Hamons v. Caudill,* 6th Dist. No. H–07–020, 2008-Ohio-248, 2008 WL 204069, ¶ 15.

■ {¶ 29} Periods of adverse possession by successive owners of property in privity may be added together to total the 21–year period required to secure ownership of real property by adverse possession. *Zipf v. Dalgarn* (1926), 114 Ohio St. 291, 151 N.E. 174, paragraph two of the syllabus; *Franck v. Young's Suburban Estates, Inc.,* 6th Dist. No. OT–02–040, 2004-Ohio-1650, 2004 WL 628979, ¶ 23.

■ {¶ 30} Under assignment of error No. 1, appellants contend that the trial court erred in granting appellees' motion for summary judgment. Under the assigned error, appellants argue that there is no evidence in the record to substantiate a claim for adverse possession. Appellants rely on the affidavit of Thomas Schuffenecker submitted in opposition to the motion for summary judgment. Appellants claim that the affidavit demonstrates the existence of disputes of material fact concerning claimed exclusive possession and use of the property from 1988 forward.

{¶ 31} Under assignment of error No. 2, appellants argue that the trial court's grant of summary judgment based upon adverse possession is "totally unsubstantiated by any evidence in the record and is against the manifest weight of the evidence."

{¶ 32} Under assignment of error No. 3, appellants argue that the trial court improperly weighed the evidence in ruling on the motion for summary judgment rather than determining under Civ.R. 56 whether there were genuine issues of material fact for trial. We consider the assignments of error together.

{¶ 33} Appellants' arguments in opposition to the motion for summary judgment have been limited to the period after their purchase of the farm in 1988. However, appellees claimed in their motion for summary judgment that the

Diefenthaler family occupied and used the strip of land in dispute exclusively and in an open, notorious, continuous, and adverse manner for a period of over 50 years. If true, that occupation and use would establish the 21–year period required to secure ownership by adverse possession without regard to the period appellants have owned and occupied neighboring property.

{¶ 34} The evidence of prior occupation and use of the property before 1988 included the affidavit of Clarence Diefenthaler, the affidavit of surveyor Bryan D. Ellis, the Ellis survey and survey report, and records of prior surveys in 1915 and 1934. Ellis discovered remnants of wooden fence posts in 2006 along the line of occupation. He also discovered a stone set in a 1915 survey along the line of occupation. In his survey drawing, Ellis depicts how the present fence line, the 1915 stone, and a fence line depicted on a survey by D.J. Nissen (Ottawa County deputy county surveyor) in 1934 are each located along the occupation line set forth in his survey.

{¶ 35} Not only does that evidence demonstrate the existence of a fence along the occupation line in the past, it directly supports the testimony of Clarence Diefenthaler of use of a wood and wire fence along the northern wooded area to permit its use to pasture cows by Clarence Diefenthaler and his parents. In his affidavit, Clarence Diefenthaler testified as to that use for a 27–year period and to hunting in the wooded area for over 50 years. Clarence Diefenthaler testified as to continuous use of cropland located immediately south and along the occupation line on a yearly basis to grow crops for a period of over 50 years.

{¶ 36} Construing this evidence most favorably to appellants, we conclude that there is no dispute of material fact and that appellees are entitled to judgment as a matter of law. There is no dispute of material fact that by clear and convincing evidence, the Diefenthalers exclusively occupied the contested property for a period of over 21 years prior to 1988 exclusively and in an open, continuous, adverse, and notorious manner.

{¶ 37} In view of our de novo ruling on the merits of the motion for summary judgment, we find that appellants' assignment of error No. 1 is not well taken.

{¶ 38} Appellants' contention under assignment of error No. 2 that the trial court judgment is against the manifest weight of the evidence and lacks evidentiary support is without merit. The standard of review on judgments based upon grant of a motion for summary judgment is de novo, resting upon a determination of an absence of a dispute of material fact for trial. A manifest-weight-of-the-evidence analysis does not apply. *Mattia v. Hall,* 9th Dist. No. 23778, 2008-Ohio-180, 2008 WL 186650, ¶ 10; *St. Joseph's Hosp. v. Hoyt,* 4th Dist. No. 04CA20, 2005-Ohio-480, 2005 WL 293800, ¶ 39.

{¶ 39} Appellants' argument as to an absence of evidence to support summary judgment is also without merit. Based upon our de novo review of the evidence

submitted on the motion for summary judgment, construed most favorably to appellants, we conclude that there is no dispute of material fact and that appellees are entitled to judgment as a matter law. Appellants' assignment of error No. 2 is not well taken.

{¶ 40} Under assignment of error No. 3, appellants argue that the trial court erred by applying an incorrect standard on the motion for summary judgment by weighing the evidence. Based upon our de novo review of the motion and the evidence, we find that the trial court committed no error in granting the motion for summary judgment. Due to an absence of a dispute of material fact, there is no genuine issue of fact for trial. Accordingly, we conclude that appellants' assignment of error No. 3 is not well taken.

■ {¶ 41} Appellants have raised, however, an "ancillary issue" in their argument. They object to the lack of any formal description of the contested property as part of the trial court's judgment and assert that the description of the property as a "forty foot strip" of land is technically inaccurate. Appellees argue in response that the trial court's reference to a "forty foot strip" of property in the judgment was a shorthand reference to the property shown in grey on the Ellis survey marked as Exhibit 1 to the Ellis affidavit.[1]

{¶ 42} Our concern is that the trial court's February 11, 2010 judgment does not set forth a formal and enforceable description of the western boundary of the Diefenthaler property as established by the judgment. We therefore affirm the trial court judgment in part and reverse it in part. We affirm the trial court's judgment to the extent that it determined that appellees were entitled to summary judgment on their adverse-possession claim. We reverse to the extent the trial court's judgment fails to set forth a formal and enforceable property description as part of its judgment identifying the Diefenthaler property including its western boundary as determined by the trial court in its judgment.

{¶ 43} We remand this case with instructions for the Ottawa County Court of Common Pleas to conduct further proceedings as necessary and to amend its judgment of February 11, 2010, to include a formal and enforceable description of the Diefenthaler property including its western border as established by the court's judgment of February 11, 2010. Pursuant to App.R. 24, we order the parties to share the costs of this appeal.

Judgment affirmed in part
and reversed in part.

Osowik, P.J., and Singer, J., concur.

---

1. Appellees describe the area as located between the line of occupation and the boundary line established by a monument set by surveyors BEC and Associates at the northwest corner of the subdivision referred to as Chippewa Reserve.