[Cite as *Tucker v. Pfirsch*, 2014-Ohio-3151.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARLENE TUCKER | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2014 CA 0036 |
| CHRISSA PFIRSCH, et al. | |
| | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Mansfield Municipal
Court, Case No.  2014 CVG 655


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 16, 2014


APPEARANCES:

For Plaintiff-Appellee                          For Defendants-Appellants

T. MICHAEL DORNER                        ROBERT GOLBERGER
WELDON, HUSTON & KEYSER            10 West Newlon Place
76 North Mulberry Street                    Mansfield, Ohio  44902
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Defendants-Appellants, Courtney Dover, appeals from the April 10, 2014, Judgment Entry of the Mansfield Municipal Court finding in favor of Plaintiff-Appellee Marlene Tucker on her Complaint for Forcible Entry and Detainer and ordering that possession of the subject premises be restored to Plaintiff-Appellee and a Writ of Restitution issue.

{¶2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶4} This appeal shall be considered in accordance with the aforementioned rule.

### STATEMENT OF THE FACTS AND CASE

{¶5} The facts and procedural history of this case are as follows:

{¶6} Appellants Chrissa Pfirsch and Donald Pfirsch are the daughter and son-in-law of Appellee Marlene Tucker and had been living on property owned by Appellee through a revocable living trust with the prior consent of Appellee's late husband. (T. at 5). During this time, Appellee was charged with zoning violations for Appellants presence on the property. The Richland County Prosecutor filed an action against Appellee to move Appellants off of the property. (T. at 6)

{¶7}    In February, 2014, Appellee served Appellants with a 30-day notice to evacuate the premises. (T. at 6-7).

{¶8}    On March 28, 2014, Appellee Marlene Tucker filed a forcible entry and detainer action against Appellants Chrissa Pfirsch and Donald Pfirsch, her daughter and son-in-law. Attached thereto were copies of the zoning and health code violations.

{¶9}    On April 10, 2014, the eviction came on for hearing before a magistrate, who found in favor Appellee, and recommending that a writ of restitution issue. The trial court adopted the proposed decision as the Order of the Court, and the writ was issued the same day. Also attached to the Complaint was a copy of the Quit-Claim Deed evidencing the fact that Appellee is the Trustee of the Tucker Revocable Living Trust.

{¶10}   Appellants now appeal, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶11}   "I. THE COURT ERRED IN ALLOWING THE CASE TO PROCEED WITHOUT OBTAINING THE RATIFICATION OF THE TRUST AS REQUIRED BY CIVIL RULE 17."

I.

{¶12}   Appellants, in their sole Assignment of Error, argue that the trial court erred in failure to obtain ratification in this case. We disagree.

{¶13}   Civ.R. 17 provides, in relevant part:

{¶14}   "(A) Real party in interest

{¶15}   "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party

authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

**{¶16}** However, Civ.R. 1(C), which limits the scope of the Ohio Civil Rules, states: "These rules, to the extent they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer[.]" Civ.R. 1(C)(3). Thus, to the extent that it is incompatible with the statutory provisions of Chapter 1923 that govern detainer actions, Civ.R. 17 will not apply." *Alex–Bell Oxford Limited Partnership v. Woods,* (June 5, 1998), 2d Dist. No. 16038, at *3.

**{¶17}** We note that in light of Civ.R. 1(C)(3), several courts have held that the real party in interest rule, as stated in Civ.R. 17(A), does not apply to FED actions. *See Alex–Bell Oxford Limited Partnership v. Woods,* 2d Dist. No. 16038, 1998 WL 289028 (June 5, 1998); *Adlaka v. Quaranta,* 7th Dist. No. 09 MA 134, 2010–Ohio–6509; *Oakbrook,* 1991 WL 70146. *See, also*, *KDI Management Servs., Inc., v, Enerchem, Inc.* (Mar. 19, 1997), 1st Dist. No. C–960587, at *2 (concluding the applicability of Civ.R. 17 in forcible entry and detainer is "questionable"); *Knoppe v. Applegate,* 5th Dist. No. 08 CAG 08 0051, 2009–Ohio–2007, at ¶ 29–32 (applying statutory definition of landlord, rather than Civ.R. 17(A) to determine real party in interest.)

{¶18} For purposes of FED actions, R.C.§1923.01(C)(2) authorizes a "landlord" to bring an action in forcible entry and detainer and further defines "landlord" as "the owner, lessor, or sublessor of premises, or the agent or person the landlord authorizes to manage premises or to receive rent from a tenant under a rental agreement[.]"

{¶19} Under R.C. Chapter 5321, which governs the obligations of landlords and tenants, R.C. §5321.01(B) defines "landlord" as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement[.]"

{¶20} By comparison, a real party in interest pursuant to Civ.R. 17(A) has been defined as "one who is directly benefited or injured by the outcome of the case." *U.S. Bank Natl. Assn. v. Marcino,* 181 Ohio App.3d 328, 2009–Ohio–1178, 908 N.E.2d 1032, at ¶ 31 (Seventh District), citing *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701.

{¶21} Following this logic and applying the statutory definition of landlord, courts have held that it is *not* required that the record title owner commence an action for forcible entry and detainer. *See KDI Management* at *1 ("the question of ownership was immaterial to the action"); *Knoppe* at ¶ 29–32.

{¶22} In the instant case, Appellee Marlene Tucker testified that she is the owner of the subject property and that same is deeded to her in a revocable living trust. (T. at 4-5). The Quit Claim deed was also attached to the Complaint.

{¶23} Further, Donald Pfirsch acknowledged that Marlene Tucker is the owner of the property, and that she wanted he and his wife to move out. (T. at 9). Further, both

parties agree that Appellants have lived on the property with the consent of Appellee and/or Appellee's late husband, that they were served with notice terminating the lease, and that they also received the three-day notice to vacate the premises.

**{¶24}** Moreover, the question of ownership was immaterial to the action. In an action for forcible entry and detainer, the only issue is the right to present *possession* of the premises, not who owns the property or has legal title. *Fodor v. First Natl. Supermarkets, Inc.* (1992), 63 Ohio St.3d 489, 589 N.E.2d 17; *State ex rel. Carpenter v. Warren Municipal Court* (1980), 61 Ohio St.2d 208, 400 N.E.2d 391.

**{¶25}** Testimony was presented that Appellee is the landlord and the owner of the property at issue. The forcible-entry-and-detainer provisions allow a *landlord,* not just an owner, to file an action. A landlord is also permitted to serve the three-day notice required prior to the filing of the action. R.C. §1923.04(A).

**{¶26}** Appellant's sole Assignment of Error is, therefore, overruled.

**{¶27}** For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Farmer, J., concur.

JWW/d 0708