[Cite as *White v. Bergman*, 2015-Ohio-4137.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| JAMES E. WHITE, ET AL | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 15-COA-010 |
| JASON BERGMAN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Civil appeal from the Ashland Municipal
Court, Case No. 14-CV-G-0806


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:   October 2, 2015


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JEFFREY W. KRUEGER      ANDREW BUSH
Box 360135          46 W. Main Street
Cleveland, OH 44136       Ashland, OH 44805

*Gwin, P.J.*

{¶1}   Appellant appeals the March 5, 2015 judgment entry of the Ashland Municipal Court.

*Facts & Procedural History*

{¶2}   On October 9, 2014, appellees James and Donna White filed a complaint for forcible entry and detainer against appellant Jason Bergman with regards to the property located at 476 U.S. 250 North in Greenwich, Ohio.  The complaint states that appellant has possession of the property, but is not a tenant and has no lease with appellees.  In their complaint, appellees state they are entitled to possession of the premises and they request restitution with respect to possession of the premises. Appellant filed an answer to the complaint on October 17, 2014.

{¶3}   The trial court conducted a bench trial on December 1, 2014.  James testified that he is a member of J&D White Development Co., LLC and this is the LLC for his real estate.  His wife Donna is the other member of the LLC.  With regards to the property located at 476 U.S. 250 North in Greenwich, Ohio, he is the manger of the property as it is owned by J&D White Development Co., LLC.  He pays the bills and his maintenance employee does the maintenance at the property.  His daughter lives on the property.  He does not charge her rent and they have no formal lease agreement. There are no restrictions on her use of the property.  Appellant is the live-in boyfriend of James' daughter and does not pay rent or have a lease with either appellees or the LLC.  James stated that he has never given appellant permission to occupy the property.

{¶4} On cross-examination, James testified that his daughter is occupying the premises as his guest and she has his permission to live there. She comes and goes as she wishes and has lived there for two (2) years. James stated that appellant is an occupier on the premises. Further, that he is not seeking to kick his daughter out of the premises, unless it comes down to it, and he will if he has to. James testified that his daughter will continue to have possession of the property even if James is successful in evicting appellant from the property.

{¶5} On re-direct, James testified that he has access to the property, has keys, and can access the property anytime he desires, but that he does not intrude on his daughter's privacy. At the close of the appellees' case, counsel for appellees requested that the complaint be amended to conform to the evidence to reflect that appellees are agents and managers, rather than owners of the property. The motion was granted by the trial court.

{¶6} The trial court issued a judgment entry on March 5, 2015. The trial court found appellees to be managers of the property and thus "landlords" for purposes of Chapter 1923 of the Revised Code. Further, that appellees do not seek eviction of their daughter, who is not named as a party to this action. The trial court stated that appellees believe that appellant engaged in illegal acts at the home, but presented no admissible evidence to support that allegation.

{¶7} The trial court found that appellant is not a tenant because he has no rental agreement and does not pay rent to appellees. However, the trial court determined that, pursuant to R.C. 1923.02(A)(5), a forcible entry and detainer action may lie against an "occupier" who lacks color of title. Since "occupier" is not defined in

R.C. 1923.02(A)(5), the trial court applied the ordinary and customary use of the term. The trial court cited cases in which non-tenants living in the home by invitation of another have been found to be "occupiers" for purpose of Chapter 1923 of the Revised Code. The trial court found, based upon the evidence presented, that appellant is an "occupier" pursuant to R.C. 1923.02(A)(5) who lacks the color of title and appellees are entitled to possession of the premises with respect to him. The trial court noted that appellees could evict their daughter pursuant to the same statutory provision; however, there is no authority for the proposition that choosing not to evict their daughter limits their ability to evict appellant. The trial court granted appellees restitution of the premises at 476 U.S. 250 in Greenwich, Ohio, with respect to appellant.

{¶8} Appellant appeals the March 5, 2015 judgment entry of the Ashland Municipal Court and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT WAS SUBJECT TO THE FORCIBLE ENTRY AND DETAINER STATUTES PURSUANT TO R.C. 1923.02(A)(5) AND THAT THE REMEDY SOUGHT WAS AVAILABLE UNDER CHAPTER 1923."

I.

{¶10} Appellant argues that the trial court erred in finding he was subject to the forcible entry and detainer statute pursuant to R.C. 1923.02(A)(5).

{¶11} The trial court conducted a bench trial in this case. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Peterson v.*

*Peterson*, 5th Dist. Muskingum No. CT2003-0049, 2004-Ohio-4714, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA-5758, 1982 WL 2911 (Feb. 10, 1982). Questions of law are reviewed by this Court *de novo*. *Erie Ins. Co. v. Paradise*, 5th Dist. Fairfield No. 2008CA00084, 2009-Ohio-4005.

{¶12} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. *SST Bearing Corp. v. Twin City Fan Companies, Ltd.,* 1st Dist. Hamilton No. C110611, 2012–Ohio–2490. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Id.* A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.,* quoting *Twearson v. Simon,* 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist. Lorain 2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton,* 5th Dist. Stark No. 2011 CA00262, 2012–Ohio–3549 citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. Hamilton 1983). "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.*

{¶13} Appellant first argues that R.C. 1923.02(A)(5) is not applicable to him because the second portion of the statute "contemplates that a complaintant relying on such subsection be seeking possession of the subject property." We disagree.

{¶14} Forcible entry and detainer is a legal action specifically designed to determine the right of possession between parties who are in controversy upon the question. *Fodor v. First Nat'l Supermarkets, Inc.*, 53 Ohio St.3d 489, 589 N.E.2d 17 (1992). R.C. 1923.02(A)(5) provides for the filing of a forcible entry and detainer action against a defendant who is "an occupier of lands or tenements, without color of title, and [when the] complaintant has the right of possession to the property."

{¶15} When interpreting a statute, a court's principal concern is the legislative intent in enacting the statute. *State v. S.R.*, 63 Ohio St.3d 590, 589 N.E.2d 1319 (1992). It is a fundamental rule under Ohio law that a court must first look to the statute's language itself to determine the legislative intent. *Id.* In interpreting a statute, "words and phrases shall be read in context and construed according to the rules of grammar and common usage * * *." *Independent Insurance Agents of Ohio, Inc. v. Fabe*, 63 Ohio St.3d 310, 587 N.E.2d 814 (1992). Courts do not have the authority to ignore the plain language of a statute under the guise of statutory interpretation, but must give effect to the words used. *State ex rel. Fenley v. Ohio Historical Society*, 64 Ohio St.3d 509, 597 N.E.2d 120 (1992).

{¶16} In this case, it is clear from the plain language of R.C. 1923.02(A)(5) that the complaintant must have the "right to possession." There is nothing in the plain language of the statute to indicate that, to utilize the section, a plaintiff is required to

affirmatively possess the property themselves or seek possession of the property to the exclusion of all others.

{¶17} Appellant secondly contends that, even if R.C. 1923.02(A)(5) applies, it is not applicable to him in this case because appellees are not seeking the remedy under this section, possession of the premises, since they intend to let their daughter remain on the premises. We disagree.

{¶18} We find this case analogous to the case of *Sanders v. Favors*, 1st Dist. Hamilton No. C-950304, 1995 WL 763681 (Dec. 29, 1995). In *Sanders*, the defendant was an occupier of the premises as he was the guest of his aunt, who was a tenant. The defendant had no leasehold nor the plaintiff's permission to occupy the premises, but argued that he was on the property as the guest of the tenant, his aunt, and thus was not subject to the forcible entry and detainer statute of R.C. 1923.02(A)(5). The court stated that, "the fact that Dunn [tenant] may have allowed Favors [defendant] and his children to stay at the home with her does not, without more, defeat Sanders' [plaintiffs'] forcible entry and detainer action against Favors." *Id.* Thus, the occupier was evicted while the tenant was allowed to remain in the property.

{¶19} In this case, like in *Sanders*, appellant was an occupier of the premises because he was the guest of appellees' adult daughter. Appellant's occupancy of the premises is not rooted in common law, contract/leasehold law, or any legally enforceable basis. Appellees have the right to posses the premises as they own the property through a limited liability company and they are the landlords of the premises pursuant to Chapter 1923 of the Revised Code. The fact that appellees' daughter allowed appellant to stay with her at the property does not, without more, defeat

appellees' forcible entry and detainer action against him.  See also, *Estate of Wos,* 6th Dist. Lucas No. L-05-1408, 2006-Ohio-4302; *Barnick v. Barnick*, 8th Dist. Cuyahoga No. 87997, 2007-Ohio-635.   Further, the complaint in this case specifically requests restitution of the premises against appellant.

{¶20}  Based upon the foregoing, we overrule appellant's assignment of error. The March 5, 2015 judgment entry of the Ashland Municipal Court is affirmed.


By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur