[Cite as *Hardin v. Hardin*, 2019-Ohio-161.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Phillip Hardin

      Appellee

v.

Paulette Hardin, et al.

      Appellant

Court of Appeals No. E-18-001

Trial Court No. CVG 1702305

**DECISION AND JUDGMENT**

Decided: January 18, 2019

* * * * *

Duane L. Galloway, for appellee.

Geoffrey Oglesby, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Paulette Hardin, appeals the November 30, 2017 judgment of the Sandusky Municipal Court granting the forcible entry and detainer (FED) action of plaintiff-appellee, Phillip Hardin, as agent for Paul Hardin. For the reasons that follow, we affirm.

**{¶ 2}** On October 23, 2017, appellee, Phillip Hardin, as agent for Paul Hardin, filed a complaint in forcible entry and detainer. The complaint alleged that appellant and Antonio Hardin were tenants of Paul Hardin through his agent Phillip Hardin. The complaint stated that there was no lease agreement between the parties and that appellant had no right to occupy the property. The complaint stated that a 30-day notice to leave the premises form, as required by R.C. 1923.04, was properly served upon appellant and that she refused to vacate the property. The complaint further alleged that the fair rental value of the property was $1,200 per month and that appellant should be required to pay $40 for each holdover day of occupancy.

**{¶ 3}** A hearing was held on November 20, 2017. Following the hearing, the magistrate determined that a writ of restitution to place appellee in possession of the property would be issued. Appellant filed objections to the magistrate's decision; the objections were denied. This appeal followed with appellant raising the following three assignments of error for our review:

> Assignment of Error No. I.: The hearing violated Ms. Hardin's due process rights.

> Assignment of Error No. II.: Mr. Phillip Hardin was not a party in interest to the case.

> Assignment of Error No. III.: There was no tenement therefore there was no standing for eviction.

2.

**{¶ 4}** In appellant's first assignment of error, she argues that she was denied her due process right to a hearing under R.C. Chapter 1923. Specifically, appellant argues that she was deprived her right to cross-examine the real party in interest property owner, Paul Hardin, and that Phillip Hardin failed to demonstrate that he had authority to evict her. Appellee counters that appellant was given due process of law; she was given the required statutory notice of the hearing and appeared at the hearing with counsel.

**{¶ 5}** Upon review, we find that appellant was afforded the statutory protections of notice and a hearing. Appellant's first assignment of error is not well-taken.

**{¶ 6}** Appellant's second assignment of error asserts that Phillip Hardin was not the real party in interest to the action and, thus, did not have standing to pursue the eviction. We first note that appellant's reliance on Civ.R. 17[1] is misplaced. Ohio courts have held that Civ.R. 17 does not apply in FED cases. *See Adlaka v. Quaranta*, 7th Dist. Mahoning No. 09 MA 134, 2010-Ohio-6509, ¶ 39-42; *Alex-Bell Oxford Ltd. Partnership v. Wood*, 2d Dist. Montgomery No. 16038, 1998 Ohio App. LEXIS 2376, *7 (June 5, 1998); *Tucker v. Pfirsch*, 5th Dist. Richland No. 2014 CA 0036, 2014-Ohio-3151, ¶ 17-21.

---

[1] Civ.R. 17(A) provides, in part: Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.

3.

**{¶ 7}** R.C. Chapter 1923 authorizes a "landlord" to bring an action in forcible entry and detainer; "landlord" is defined more broadly than a real party in interest under Civ.R. 17(A). Landlord is defined as "the owner, lessor, or sublessor of premises, or the agent or person the landlord authorizes to manage premises or to receive rent from a tenant under a rental agreement, * * *." R.C. 1923.01(C)(2).

**{¶ 8}** An agency relationship arises from the conduct of the parties and can be express or implied. *Rudy v. Bodenmiller*, 2d Dist. Miami No. 89 CA 54, 1990 Ohio App. LEXIS 5499, *23 (Dec. 11, 1990). No formal contract or appointment is required. *Id.* Whether a party is an agent is generally an issue to be resolved by the trier of fact. *Chevrolet v. Calhoun*, 10th Dist. Franklin No. 03AP-816, 2004-Ohio-1006, ¶ 8, citing *McSweeney v. Jackson*, 117 Ohio App.3d 623, 631, 691 N.E.2d 303 (4th Dist.1996).

**{¶ 9}** In the present case, appellee Phillip Hardin testified at the November 20, 2017 hearing where both parties were represented by counsel. The magistrate was able to assesses the credibility of the parties and examine the evidence. Reviewing appellant's Civ.R. 9(C) statement of the evidence which was adopted by the trial court, we cannot say that the court's apparent finding that Phillip Hardin was acting as the agent of owner, Paul Hardin, was in error. Appellant's second assignment of error is not well-taken.

**{¶ 10}** Appellant's third and final assignment of error contends that because there was no "tenement" as provided in R.C. Chapter 1923, there was no standing for the eviction. We find this argument to be unpersuasive.

4.

**{¶ 11}** R.C. 1923.02(A)(5) provides for proceedings where "the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them[.]" Ohio courts have held that the term "occupier" includes those occupying real property in the absence of a lease agreement. *See White v. Bergman*, 5th Dist. Ashland No. 15-COA-010, 2015-Ohio-4137, ¶ 18, citing *Sanders v. Favors*, 1st. Dist. Hamilton No. C-950304, 1995 Ohio App. LEXIS 5773 (Dec. 29, 1995); *Barnick v. Barnick*, 8th Dist. Cuyahoga No. 87997, 2007-Ohio-635, ¶ 16, citing *Estate of Wos v. Wos*, 6th Dist. Lucas No. L-05-1408, 2006-Ohio-4302.

**{¶ 12}** We further reject appellant's suggestion that because she lived in the home 21 years without the owner, Paul Hardin, and for seven years following her mother's death (after which the survivorship deed transferred her mother's interest to Paul Hardin), that she is somehow entitled to remain based upon the theory of adverse possession. By definition, adverse possession requires that the occupier of the real property occupy said property exclusively and adversely to the rights of the true owner. *See Diefenthaler v. Schuffenecker,* 190 Ohio App.3d 509, 2010-Ohio-5380, 942 N.E.2d 1137 (6th Dist.). Appellant occupied the property by permission of the owners. Appellant's third assignment of error is not well-taken.

**{¶ 13}** On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Sandusky Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.